## STATE v. RICHARD ALLEN STREITZ.

150 N. W. (2d) 33.

March 23, 1967—No. 40,187.

*Samuel Segall,* for appellant.

*Keith M. Stidd,* City Attorney, and *LeRoy W. Jackson,* Assistant City Attorney, for respondent.

FRANK T. GALLAGHER, JUSTICE.

Appeal from an order of the municipal court of Minneapolis. Defendant was arrested pursuant to a warrant based on a complaint dated July 3, 1965, stating that on that date he drove a motor vehicle upon the public highways of Minneapolis while under the influence of an alcoholic beverage contrary to and in violation of Minneapolis Code of Ordinances, § 403.030. The case was tried before a jury, which returned a verdict of guilty. Thereafter defendant moved for judgment notwithstanding the verdict or a new trial. This appeal was taken from an order denying the motion.

Defendant assigns as error the court's actions in (1) refusing to dismiss for the reason that his request, while in custody, for an examination by his own physician was ignored by the police authorities; (2) refusing to instruct the jury that the state erred in commenting on defendant's failure to take a drunkometer test; and (3) denying his request for corrected instructions *before* the jury was sent out and permitting him to request additional instructions only after the jury was sent out.

We do not think under the record here the trial court's refusal to dismiss constitutes reversible error. Defendant testified that he was taken to the courthouse in a police car; that he was asked by a police officer if he were going to take a drunkometer test and said he would; and that he had his doctor's appointment card with the doctor's telephone number on it with him and put the card on the table in front of the officer and asked him to call the doctor, but the officer just looked at it and said nothing. Defendant also said that as the officers were taking him to the jail he told them he was entitled to make a phone call and was informed, "Yes, you can make one phone call." He then called his father but did not ask him to call a doctor to come and make the test because "I didn't know I could."

We are satisfied that defendant had an opportunity to have his doctor called, particularly since he talked to his father, but did not do so.

In any event, we do not consider that his rights were denied so as to justify a reversal on that point.

The errors asserted by the other two assignments justify a new trial. There are indications that the state commented to the jury on defendant's failure to take a drunkometer test. Minneapolis Code of Ordinances, § 403.060, provides in part:

"The refusal of the defendant to permit a chemical analysis to be made of his blood, breath, urine or other bodily substance at the time of his arrest shall not be admissible in evidence against him upon trial."

See, Minn. St. 169.121, subd. 2.

Defendant contends that merely requesting that his doctor give him a drunkometer test did not waive his right under the above ordinance. The state asserts that the record shows that defendant first brought the subject of the drunkometer test into evidence by his testimony about his request to call his doctor and that until then the state carefully avoided any and all reference to the test. It contends that inasmuch as defendant brought the matter into evidence, the state could then bring to the attention of the jury that the test was available. This does not give the state the right to comment on defendant's refusal to take the test. It is our opinion under the law and record here that it was error to refuse to instruct the jury that the state erred in commenting on defendant's failure to take a drunkometer test.

It is also our opinion that it was error to deny defendant's request for a corrected instruction *before* the jury was sent out and to permit the defendant to make his request for additional instructions only after the jury retired. At the hearing on defendant's post-trial motion the trial court admitted its error in this respect but took the position that any request by the defendant for instructions in line with those contended for in his motion would have been denied and that therefore defendant was not prejudiced by the court's action. We believe under the circumstances here that the court should have heard defendant's requests in connection with the instructions before the jury retired to consider the case.

Reversed and new trial granted.

MR. JUSTICE PETERSON, not having been a member of this court at the time of the submission, took no part in the consideration or decision of this case.