STATE of Minnesota, Respondent,

v.

Kevin Daryl HATLESTAD, Appellant.

No. C9–83–1422.

Court of Appeals of Minnesota.

May 8, 1984.

Paul Widick, St. Cloud, for appellant.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, James A. Lavoie, Mille Lacs County Atty., Milaca, for respondent.

Considered and decided by SEDGWICK, P.J., PARKER and CRIPPEN, JJ., with oral argument waived.

## OPINION

CRIPPEN, Judge.

Defendant appeals a conviction for driving under the influence of alcohol, Minn. Stat. § 169.121, subd. 1(a). He was found not guilty of driving with an alcohol concentration of over 0.10, § 169.121, subd. 1(d). He appeals a pre-trial decision to permit breath test evidence. He also disputes the form of the complaint, jury instructions on the presumption of innocence, and admission of evidence on a bottle of brandy found in his car. We affirm.

## FACTS

After submitting a breath sample, defendant requested a blood test at his expense. The arresting officer refused to furnish a blood sample test kit for use at a local hospital. He also declined to transport defendant 13 miles to a hospital which had supplies for taking a sample. The officer made calls to each hospital for defendant. Defendant failed to complete arrangements for a second test.

The complaint, a traffic ticket, charged a "DWI" offense, a violation of § "169.121", and noted: "Breath test .15%." Defendant was tried under subd. 1(a) and subd. 1(d) of § 169.121. The prosecutor stated charges under both subdivisions during pre-trial proceedings seven months before trial. Defendant entered not guilty pleas on both charges. The defendant did not request a substitute complaint under Minn.R.Crim.P., Rule 4.02, subd. 5.

The trial court included this statement in his charge to the jury:

... defendant's plea of not guilty and the exercise by him of his right to a jury trial is not evidence of his being innocent.

Later, the court gave the presumption of innocence instruction. The presumption was also addressed by the court in preliminary instructions.

The trial court admitted testimony on a bottle of brandy found by the arresting officer in defendant's car. Trial witnesses did not say the bottle was open. The prosecutor did not give notice in writing of his

intention to use this evidence, but the testimony was discussed in pre-trial proceedings conducted six months before trial.

### ISSUES

1. Was defendant entitled to police assistance to obtain an additional chemical test?

2. Is defendant entitled to acquittal due to the form of charges in a "DWI" traffic ticket?

3. Did the trial court give adequate instructions on a presumption of innocence?

4. Did the prosecutor fail to properly disclose an officer's testimony about removing a bottle of brandy from defendant's car?

### ANALYSIS

1. Because defendant was unable to obtain an additional test, he claims error of the trial court in admitting breath test evidence. Minn.Stat. § 169.123, subd. 3, provides:

> The person tested has the right to have a person of his own choosing administer a chemical test or tests in addition to any administered at the direction of a peace officer; provided, that the additional test specimen on behalf of the person is obtained at the place where the person is in custody, after the test administered at the direction of a peace officer, and at no expense to the state. The failure or inability to obtain an additional test or tests by a person shall not preclude the admission in evidence of the test taken at the direction of a peace officer unless the additional test was prevented or denied by the peace officer.

The defendant must arrange for a second test "at no expense to the state." If he is in custody, it must be arranged where he is confined. These provisions impose no duty on the officer to furnish supplies or transportation. A test is neither "prevented" nor "denied" when this assistance is refused.

By making calls for defendant, the officer gave more assistance than the statute demands. See *State v. Streitz*, 276 Minn. 242, 150 N.W.2d 33 (1967).

2. Defendant claims the traffic complaint stated no charge of driving under the influence of alcohol. Defendant was acquitted on a charge he says was made in the complaint, driving with an unlawful blood concentration.

Minn.R.Crim.P., Rule 17.06, subd. 1, provides:

> No indictment, complaint or tab charge shall be dismissed nor shall the trial, judgment or other proceedings thereon be affected by reason of a defect or imperfection in matters of form which does not tend to prejudice the substantial rights of the defendant.

Both charges were stated on the record many months before trial. Defendant entered not guilty pleas on each. The charges were uncomplicated. No substitute complaint was requested. In these circumstances the form of the complaint does not tend to prejudice substantial rights of the defendant.

3. The Minnesota Supreme Court has previously reviewed the effect of an instruction that a plea of not guilty is not evidence of innocence. The statement was deemed "accurate" but "inadvisable." *State v. Fossen*, 282 N.W.2d 496, 510 (Minn.1979).

In *Fossen* the jury instructions included an appropriate statement on the presumption of innocence and the state's burden of proof, prompting this ruling:

> The correct instruction on the presumption of innocence rectifies any prejudice defendant may have suffered as a result of the instruction in question. Thus, we conclude that the error is "harmless beyond a reasonable doubt."

*Id.* at 510, 511.

Because the trial court gave wholly adequate instructions on the presumption of defendant's innocence, its error was harmless.

Since *Fossen* was decided, the Criminal Jury Instruction Guides have been supplemented with a comment that the inadvisable instruction "should not be given." 10 Minn. Practice (CRIMJIG 3.02, Comments),

1983 Supp., p. 6. Repetition of the error should cease. *We expect to reverse verdicts affected by further use of the instruction.*

Defendant also complains that instructions on the presumption of innocence and the prosecution burden of proof "were read toward the close of the charge and following instructions (on) the elements of the crime."

The jury "should be" instructed on the presumption of innocence and the burden of proof at "an early point" in the final instructions. 10 Minn.Practice (CRIMJIG 3.02, Comments) 13.

■ The instructions in this case were not lengthy. The charge clearly and accurately addressed the presumption of innocence. The instructions were sufficient as a matter of law to avoid prejudice to defendant.

4. The parties chose to employ discovery procedures permitted *for more serious cases under Minn.R.Crim.P., Rule 9.* Upon a discovery demand the state must disclose evidence it might offer on "additional offenses" arising in the same episode. See Minn.R.Crim.P., Rule 7.02; *State v. Arndt,* 264 N.W.2d 637 (Minn. 1978); *State v. Johnson,* 322 N.W.2d 220 (Minn.1982). Describing testimony on a bottle of brandy as evidence of an additional offense, defendant claims he was entitled to written disclosure the testimony might be offered.

■ Because testimony did not show the bottle was open, it does not tend to prove an additional offense. This alone defeats *defendant's claim.*

■ Except on "unexpected" testimony, a defendant is not prejudiced by evidence on a second offense arising in the same episode. *State v. Schweppe,* 306 Minn. 395, 404, 237 N.W.2d 609, 616 (1975); *State v. Johnson, supra.* The evidence here was revealed by the prosecutor many months before trial. It related directly to the state's charge. The testimony could not have surprised defendant.

Defendant does not claim he lost opportunities to make evidence objections. He does not say the brandy bottle was unlawfully found or seized. He does not claim the evidence was improper proof of the "DWI" charge. This enlarges the conclusion that defendant was not prejudiced by non-disclosure of evidence.

## DECISION

A breath test result was properly admitted into evidence. The arresting officer neither prevented nor denied defendant's right to a second chemical test "at no expense to the state." The officer was not required to assist defendant.

The record shows no prejudice to defendant related to other claims of procedural error.

Affirmed.