**STATE of Minnesota, Respondent,**

v.

**John George VORACEK, Appellant.**

**No. C1–83–2046.**

Court of Appeals of Minnesota.

Aug. 21, 1984.

Hubert H. Humphrey, III, Atty. Gen., John T. Goff, Asst. Rice County Atty., Faribault, for respondent.

Thomas M. Neuville, Northfield, for appellant.

Considered and decided by POPOVICH, C.J., and PARKER, and CRIPPEN, JJ., with oral argument waived.

## OPINION

PARKER, Judge.

Appellant John Voracek appeals his D.W.I. conviction under Minn. Stat. § 169.-121, subd. 1(d) (1982). On appeal he challenges certain evidentiary rulings of the trial court and argues that he cannot be convicted of an offense that he was not charged with committing. We reverse.

## FACTS

Appellant was stopped by a State Patrol trooper because his windshield was partially obstructed with snow. The trooper had appellant walk back to the squad car and observed that appellant's eyes were bloodshot and watery, and the trooper smelled alcohol on appellant's breath. The trooper

invoked the implied consent law, and appellant consented to a blood test. Appellant was tab charged with driving a motor vehicle while under the influence of alcohol in violation of Minn. Stat. § 169.121, subd. 1(a). A subsequent analysis of his blood revealed that appellant's alcohol concentration was .15.

No amendment to the charge was made, nor was a written complaint demanded by appellant. The trial court convicted appellant of driving a vehicle with an alcohol concentration of .10 or more in violation of Minn. Stat. § 169.121, subd. 1(d).

## ISSUE

May an individual be convicted of violating Minn. Stat. § 169.121, subd. 1(d), when the charged violation is subdivision 1(a)?

## DISCUSSION

■ The trial court believed that Minn. Stat. § 169.121, subd. 1(a) and subd. 1(d), are synonymous statutes and, thus, a conviction could lie under either section, despite a charge of only one. We do not agree. These sections are distinct, charging separate offenses. *See State v. Dille*, 258 N.W.2d 565, 567 (Minn.1977); *State v. Hatlestad*, 347 N.W.2d 843 (Minn.Ct.App. 1984).

■ It is elementary that one must be tried and convicted only of the accused charge or a lesser included offense. The specified charge here was Minn. Stat. § 169.121, subd. 1(a); appellant cannot be guilty of subdivision (d), an offense for which he was not charged.

■ Minn.Stat. § 169.121, subd. 1(d), is clearly not a lesser included offense of subdivision 1(a). The police officer charged appellant under subdivision 1(a), presumably because the results of the blood test were unavailable and, thus, he lacked probable cause to charge appellant under subdivision 1(d). This court has already held that on a tab charge for D.W.I. the specific subdivision of section 169.121 need not be included. *State v. Hatlestad*, 347 N.W.2d 843 (Minn.App.1984).

In *Hatlestad* the tab charge accused the defendant of violating Minn. Stat. § 169.-121, while noting a breath test result of .15. The defendant was tried under *both* subdivisions 1(a) and 1(d) of Minn. Stat. § 169.-121. *Both* charges were stated during pretrial proceedings even months before trial, and the defendant pleaded not guilty to *both* charges. Following defendant's acquittal under subdivision 1(d), this court upheld his conviction under subdivision 1(a). Of course, if a written complaint is demanded by the defendant, under Rule 4.02, subd. 5(3), Minn. R. Crim. P., presumably the results of any chemical test would be available, and the accused could be informed with more specificity.

In this case the trier of fact found there was insufficient evidence to convict appellant under Minn. Stat. § 169.121, subd. 1(a). The State has not filed a notice of review as to that finding and, indeed, since the finding is tantamount to an acquittal, we do not see how it could. We do not, however, wish to imply by this opinion that chemical tests which result in a blood alcohol concentration of .10 or more cannot be used to support a charge under Minn. Stat. § 169.121, subd. 1(a), because they clearly may be used. Minn. Stat. § 169.121, subd. 2.

## DECISION

Appellant was charged with violating Minn.Stat. § 169.121, subd. 1(a), and the case was so tried. While the trial court found that the evidence was insufficient to convict appellant under subdivision 1(a), it did convict appellant under Minn. Stat. § 169.121, subd. 1(d). This was improper because appellant was not charged with violating this offense. We need not address appellant's evidentiary contentions.

Reversed.