**STATE of Minnesota, Appellant,**

v.

**Ricky Joseph GALARNEAULT, Respondent.**

**No. C7–84–1760.**

Court of Appeals of Minnesota.

Sept. 18, 1984.

James A. Lavoie, Mille Lacs County Atty., Andrew S. Birrell, Asst. County Atty., Milaca, for appellant.

William P. Lines, Milaca, for respondent.

Heard, considered and decided by POPOVICH, C.J., and LESLIE, and CRIPPEN, JJ.

## OPINION

LESLIE, Judge.

The Minnesota Highway Patrol arrested defendant Galarneault on March 25, 1983, and charged him with violation of Minn. Stat. § 169.121 (1982) (DWI). On April 21, 1983, defendant filed a motion to dismiss the charges and to suppress the results of his breathalyzer test. After an evidentiary hearing, the trial court granted defendant's motion to suppress the test results. The state filed notice of appeal.

We reverse and remand for trial.

## FACTS

Early on the morning of March 25, 1983, a state trooper arrested defendant for driving while intoxicated a few miles north of Milaca, Minnesota. Defendant submitted to a breathalyzer test and recorded a reading of .12. The Milaca police then booked defendant in the Mille Lacs County Jail. The arresting officer signed a detention report but did not indicate on that form the reason for detaining defendant.

Defendant demanded that the police administer a second breathalyzer test. The arresting officer refused defendant's demand, stating that it was against department policy to administer additional tests. Defendant then spoke by telephone with a different police officer, an acquaintance, who advised him to take a blood test. Defendant asked the jailer to take him to the local hospital for a blood test, but the jailer refused stating that, as jailer, he could not leave the jail. Defendant then called the local hospital and asked a registered nurse to come to the jail to take a blood sample. The nurse refused but told defendant a sample would be taken if he came to the hospital.

Defendant made no further efforts to obtain an additional test. Later the morning of his arrest defendant made his initial appearance in court. The court imposed bail which defendant later posted for his release.

Defendant moved to suppress the results of the breathalyzer test on the ground that the police refused to assist him in obtaining a blood test. The trial court granted defendant's motion because it found the police impeded defendant's attempt to get a blood test by improperly detaining him.

### ISSUES

1. Was defendant properly detained following his arrest for driving while intoxicated even though the arresting officer failed to check off a reason for detention on the detention report form?

2. Must police assist defendant in obtaining an additional chemical test?

3. If police properly detained defendant, does a jailer's refusal to release defendant so that he can obtain an additional chemical test prevent an additional test under Minn. Stat. § 169.123 subd. 3?

### ANALYSIS

Defendant was charged with driving while under the influence of alcohol in violation of Minn.Stat. § 169.121. Suppression of the breathalyzer test has a critical impact on the outcome of this matter and thus the pretrial order is appealable.

■ The trial court in its memorandum did not discuss the reason which defendant advanced for suppressing the test, but instead held that defendant was improperly detained under Rule 6 of the Minnesota Rules of Criminal Procedure. The trial court also took the position that persons arrested for DWI should be released to obtain an additional test even if properly placed in custody. The trial court failed to incorporate its memorandum into the order, but because the order states no grounds, it is open for interpretation through use of the memorandum. *Schafer v. Commissioner of Public Safety,* 348 N.W.2d 365 (Minn.Ct.App.1984).

*Propriety of detaining defendant*

■ The Minnesota Rules of Criminal Procedure 6.01 subd. 1(1)(a) provides for release of persons charged with misdemeanors unless certain circumstances exist:

Law enforcement officers acting without a warrant, who have decided to proceed with prosecution, shall issue citations to persons subject to lawful arrest for misdemeanors, unless it reasonably appears to the officer that arrest or detention is necessary to prevent bodily harm to the accused or another or further criminal conduct, or that there is a substantial likelihood that the accused will fail to respond to a citation * * * *If the defendant is detained, the officer shall report to the court the reasons for the detention.* Ordinarily, for misdemeanors not punishable by incarceration, a citation shall be issued if the accused signs the citation agreeing to appear as provided in Rule 6.01, subd. 3.

(Emphasis supplied.) The arresting officer here failed to comply strictly with the detention report requirement in Rule 6.01 subd. 1(1)(a). Detention of persons arrested for DWI is also governed by Minn.Stat. § 169.91 subd. 1 (1982) which provides:

When any person is arrested for any violation of this chapter or any other law or ordinance relating to the operation or registration of vehicles * * * the arrested person shall be taken into custody and immediately taken before a magistrate * * * in any of the following cases:

(1) When a person arrested demands an immediate appearance before a magistrate;

(2) When a person is arrested and charged with an offense under this chapter causing or contributing to an accident resulting in injury or death to any person;

(3) When the person is arrested upon a charge of negligent homicide;

(4) *When the person is arrested upon a charge of driving or operating or being in actual physical control of any motor vehicle while under the influence of intoxicating liquor or drugs;* * * *

(Emphasis supplied.)

This statute modifies the more liberal release rule under Rule 6.01. *See 7 Minne-*

sota *Practice, Criminal Law and Procedure* § 423 (Supp.1983). Instead of requiring release it authorizes detention of those charged with DWI. Since detention was in any event authorized, the failure to specify the reason for detaining the defendant is harmless.

*Police assistance with additional test*

 This court recently addressed the issue raised by defendant. In *State v. Hatlestad,* 347 N.W.2d 843 (Minn.Ct.App.1984), the defendant claimed that the results of a breathalyzer test should be suppressed because the police would not transport him 13 miles to the nearest hospital. Defendant made calls to the hospital but failed to make arrangements for the test. This court stated:

> The defendant must arrange for a second test "at no expense to the state." If he is in custody, it must be arranged where he is confined. These provisions impose no duty on the officer to furnish supplies or transportation. A test is neither "prevented" nor "denied" when this assistance is refused.

*Id.* at 845. We find no basis for distinguishing the refusal to transport this defendant from the refusal in *Hatlestad.*

*Release of properly detained defendant to obtain second test*

 The trial court's memorandum suggests that persons arrested for DWI should be released so that they can get an additional chemical test. *Hatlestad* and Minn. Stat. § 169.123 subd. 3 do not support that contention. Minn.Stat. § 169.123 subd. 3 states in part: "The person tested has a right to have a person of his own choosing administer a chemical test or tests in addition to any administered at the direction of a peace officer; *provided, that the additional test specimen on behalf of the person is obtained at the place where the person is in custody * * *"* (Emphasis supplied.) *Hatlestad* states: "If he is in custody, [the test] must be arranged where he is confined." *Hatlestad,* 347 N.W.2d at 845.

**DECISION**

We reverse the trial court's order suppressing the results of the breathalyzer test and remand the matter for a trial on the merits.