**Arnold Thomas PALME,**
**Petitioner, Appellant,**

v.

**COMMISSIONER OF PUBLIC**
**SAFETY, Respondent.**

**No. C9–84–2208.**

Court of Appeals of Minnesota.

April 16, 1985.

Review Denied June 24, 1985.

Kenneth Meshbesher, Meshbesher, Singer & Spence, Ltd., Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Mary B. Magnuson, Sp. Asst. Atty. Gen., St. Paul, for respondent.

Heard, considered and decided by NIER-ENGARTEN, P.J., and FOLEY and LESLIE, JJ.

## OPINION

NIERENGARTEN, Judge.

This is an appeal by Arnold Palme from an order of the district court sustaining the revocation of his driver's license pursuant to the Minnesota implied consent laws, Minn.Stat. § 169.123 (1984). Palme claims he was not in "physical control" of his automobile. We affirm.

## FACTS

Officer Claussen of the North St. Paul Police Department observed, early in the morning, a pickup truck parked with its lights on in the handicapped parking zone of Weber's Bowling Alley and Supper Club in North St. Paul. The truck did not have handicapped license plates or a handicapped decal. Claussen observed the truck for approximately five minutes before approaching it, and saw no one else enter or exit the truck within that time. He approached the vehicle to issue a parking ticket and observed Palme sleeping in an upright position in the driver's seat. The keys to the truck were on the seat next to Palme's right leg and the headlights were on. Claussen radioed for assistance, awakened Palme, and asked to see his driver's license. Since Palme exhibited several signs of intoxication, Claussen placed him under arrest and read him the implied consent advisory. Palme refused to submit to a breath test, claiming he had not been driving the truck.

Palme's license was revoked and he requested judicial review of the revocation. At the hearing, Palme testified he had been drinking at the bar and had wanted to sleep for awhile. He had decided to borrow a friend's truck to sleep in, not knowing the keys were in the cab. He had never planned to drive the truck. He had been sleeping for about an hour and a half when he was awakened by Officer Claussen.

## ISSUE

Was Palme in "physical control" of his friend's truck for purposes of the implied consent laws?

## ANALYSIS

Palme's license was revoked pursuant to Minn.Stat. § 169.123 (1984), which requires that a person submit to chemical testing whenever an officer has probable cause to believe the person was "driving, operating, or in *physical control* of a motor vehicle in violation of section 169.121 * * *." *Id.* (emphasis supplied). Palme claims he was not in "physical control" of his friend's truck within the meaning of this statute.

Palme characterizes his situation as factually similar to *State v. Pazderski*, 352 N.W.2d 85 (Minn.Ct.App.1984). Pazderski was found asleep in his car which was parked adjacent to his own garage. He had decided to spend the night in his car, rather than risking another argument with the woman with whom he lived. The keys were not found in the ignition, the engine was not running, and no other devices of the car were in operation. The *Pazderski* court noted specifically:

> Appellant's actions in driving home, parking his car, entering his home, making a rational decision to sleep elsewhere rather than risk a domestic quarrel, and choosing the front seat of his car for a bed do not support a conclusion that appellant was at or near his vehicle for purposes of operating it or controlling it. He chose his car to sleep in until morning as he might have chosen a tent or summer screen house in his back yard. The choice of his car's front seat may have been uncomfortable, but was not a criminal action. Appellant displayed a reasonable course of conduct.

*Id.* at 88. The court also emphasized the fact that Pazderski had no intention of driving the vehicle anywhere else.

The *Pazderski* court distinguished the specific facts before it from several other cases involving physical control issues

where license revocations were upheld,[1] indicating that those other cases have "common threads" running through them, such as:

> 1) the motor running; or 2) keys in the ignition; or 3) cars parked or stalled on or near the roadway; or 4) cars parked in some predicament such as a ditch, swamp or snow bank, indicating to the officer arriving on the scene that the driver had recently put the vehicle there through erratic driving.

*Id. Pazderski* concluded:

> The only similarity between appellant's facts and all of the above cases and the cases cited within them is that appellant was in the front seat of his car.

*Id.*

 A revocation should be upheld: where a drinking driver is found somewhere on a highway road or private property in a setting giving support to a fair inference that the driver was short of his intended destination and, if left alone, might restart the vehicle in an intoxicated state and continue on.

*Id.* Here, Palme was in a truck parked next to a bar. It was reasonable for Officer Claussen to assume that, if left alone, Palme might indeed start the truck and attempt to drive home.

In addition, whereas *Pazderski* was a DWI case brought pursuant to Minn.Stat. § 169.121 (Supp.1983) which requires proof beyond a reasonable doubt, this case involves the interpretation of the implied consent laws, Minn.Stat. § 169.123 (1984). The implied consent laws must be applied broadly in favor of the public safety, *Martin v. Commissioner of Public Safety*, 358 N.W.2d 734, 737 (Minn.Ct.App.1984), and the state need only prove its case by a preponderance of the evidence. *Dufrane v. Commissioner of Public Safety*, 353 N.W.2d 705, 707 (Minn.Ct.App.1984).

The state met its burden of proving by a preponderance of the evidence that Palme was in physical control of his friend's truck within the meaning of the implied consent laws.

### DECISION

The decision of the trial court sustaining the revocation of the appellant's driver's license is affirmed.

---

**1.** *Pazderski* cited *State, Dept. of Public Safety v. Juncewski*, 308 N.W.2d 316 (Minn.1981); *State v. Thurmer*, 348 N.W.2d 776 (Minn.Ct.App. 1984); and *Bielejeski v. Commissioner of Public Safety*, 351 N.W.2d 664 (Minn.Ct.App.1984).