**Thomas Frederick LEDIN,
Petitioner, Appellant,**

v.

**COMMISSIONER OF PUBLIC
SAFETY, Respondent.**

No. C6–86–582.

Court of Appeals of Minnesota.

Sept. 30, 1986.

Joseph Kaminsky, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., M. Jacqueline Regis, Sp. Asst. Atty. Gen., St. Paul, for respondent.

Heard, considered and decided by FORSBERG, P.J., and FOLEY and LANSING, JJ.

## OPINION

FORSBERG, Judge.

Appellant Thomas Frederick Ledin's driving privileges were revoked for refusing to submit to a breath test pursuant to the implied consent law. He petitioned for judicial review, and the trial court sustained the revocation. Appellant appeals the trial court's order to this court.

## FACTS

On December 22, 1985, at approximately 3:15 a.m., Officer Mark W. Bevins of the Plymouth Police Department responded to a call reporting a party passed out in a vehicle parked on the street at County Road 15 near 6th Avenue. Bevins arrived at the scene and saw a parked car with its lights off. Upon further investigation, he found appellant lying on the front seat of the car. Bevins aroused appellant, who upon waking swore at Bevins.

Bevins smelled a heavy odor of alcoholic beverage on the appellant. When appellant got out of the car, he had difficulty maintaining his balance and fell against the car. Bevins formed the opinion that appellant was under the influence of alcohol; he placed appellant under arrest and read him the implied consent advisory. Appellant refused to submit to a breath test and his license was revoked.

## ISSUE

Did the officer have probable cause to believe that appellant was in physical control of his vehicle?

## ANALYSIS

■ The implied consent law requires in relevant part that the officer have "probable cause to believe the person was driving, operating, or in physical control of a motor vehicle in violation of section 169.121" prior to requiring a chemical test to determine the presence of alcohol. Minn.Stat. § 169.-123, subd. 2 (Supp.1985). Probable cause exists when all the facts and circumstances would warrant a cautious person to believe that appellant was driving, operating, or in physical control of the vehicle while under the influence. *See Johnson v. Commissioner of Public Safety*, 366 N.W.2d 347, 350 (Minn.Ct.App.1985). Appellant contends that because the keys to the motor vehicle were not in his possession, that no probable cause to believe appellant was in physical control of the vehicle existed.

We first note that the legislature in 1978 modified the requirement in § 169.121, subd. 1 that a driver be in "actual physical control" of the car by deleting the word "actual." *See State, Department of Public Safety v. Juncewski*, 308 N.W.2d 316, 319 (Minn.1981). The supreme court interpreted this to mean that the legislature intended that the statute be given the broadest possible effect. *Id.*

■ This court has addressed the issue of physical control in a number of cases. The purpose of the physical control requirement is to deter drunken drivers from getting into their vehicles except as passengers. *State, City of Falcon Heights v. Pazderski*, 352 N.W.2d 85, 88 (Minn.Ct. App.1984). Physical control does not depend solely on the location of the keys; instead, the location of the keys is one factor among others to consider. *Dufrane v. Commissioner of Public Safety*, 353 N.W.2d 705, 707 (Minn.Ct.App.1984). *See Kozak v. Commissioner of Public Safety*, 359 N.W.2d 625, 628 (Minn.Ct.App.1984).

Appellant argues that because he was not in possession of the keys to his car, the revocation cannot be upheld. The trial court made no findings on this fact. Bevins testified that at the time he read appellant the implied consent advisory, he had not seen the keys in the ignition or found them on appellant's person; he was subsequently given the keys by another officer who had inventoried the car.

■ There is no requirement that the Commissioner prove as an element of his case that the driver had possession of his keys. In this case, we agree with the trial court that the facts show that the officer had probable cause to believe that appellant was in physical control of his vehicle while under the influence. He was found sleeping in his car on the road and the officer saw indicia of intoxication when he woke appellant. In reviewing the officer's actions, the court must consider the totality of the circumstances and remember that officers may make inferences and deductions which could elude an untrained person. *Johnson*, 366 N.W.2d at 350 (*quoting State v. Kvam*, 336 N.W.2d 525, 528 (Minn. 1983)). Since appellant was found in his parked car on the road, we believe that the officer could have reasonably inferred that appellant drove to that location, and had physical control of his automobile. The facts provided the officer in this case with probable cause to believe that appellant was in physical control of his vehicle.

## DECISION

The order of the trial court sustaining the revocation is affirmed.