**Todd William SENS, Respondent,**

v.

**COMMISSIONER OF PUBLIC SAFETY, Appellant.**

**No. C7–86–1370.**

Court of Appeals of Minnesota.

Jan. 20, 1987.

Michael W. McDonald, Prior Lake, for respondent.

Hubert H. Humphrey, III, Atty. Gen., Mary B. Magnuson, Sp. Asst. Atty. Gen., St. Paul, for appellant.

Considered and decided by CRIPPEN, P.J., and LANSING and NIERENGARTEN, JJ., with oral argument waived.

## OPINION

NIERENGARTEN, Judge.

The Commissioner of Public Safety appeals from an order which rescinded the revocation of respondent Sens' driver's license. The trial court determined that the arresting officer did not have probable cause to believe Sens was in physical control of his motor vehicle. We reverse.

## FACTS

Early in the morning a police officer received a call that a suspicious person had knocked on the door of a house in Eagan, and had asked to be allowed inside. When the occupants of the house denied the man's request, he got into a brown "station wagon-type vehicle" parked on the street.

The officer drove to the house and saw a brown Suburban parked nearby. He shined a spotlight into the vehicle, and observed Sens lying on the front seat with his head towards the passenger door and his feet towards the driver's side. The officer opened the door, told Sens to get up and,

when he received no response, grabbed one of Sens' legs and shook it. Sens woke up, got out of the Suburban, and gave the officer his driver's license. As Sens was exiting the vehicle, the officer observed several keys on a ring lying on the front seat.

There was an odor of alcohol about Sens, his balance was unsteady, his eyes were bloodshot and watery, and he spoke with a dry mouth. The officer placed him under arrest and walked him back to the squad, at which point Sens stated that he could not be arrested because there was no ignition key. The officer placed Sens in the squad, went back to the Suburban and tried the keys which he had observed earlier. None of the keys fit, and the officer called for a tow. While waiting for the tow, he performed an inventory search and found two more keys in the rear of the Suburban against the back of the seat. One of those keys fit the ignition.

Sens testified that he was staying with his mother in Rosemount and after partying at a friend's house in St. Paul, a friend drove him in the Suburban back to Eagan where the friend lived and parked about a block and a half away from her home, so her parents would not be disturbed. Sens tossed the ignition keys in the back of the vehicle and went to sleep. Some time later, he woke up, saw a light on in a house nearby, and knocked on the door, asking to use the telephone to call his mother and tell her he would not be home. When the occupants refused his request, he went back to the Suburban, intending to sleep there until morning or until he felt that he would be able to drive soberly.

There were no mechanical problems with the Suburban; Sens testified that he only decided to sleep in the car because he had been drinking and chose not to take the risk of driving home.

## ISSUE

Did the arresting officer have probable cause to believe Sens was in physical control of the Suburban?

## ANALYSIS

■ In order to sustain the revocation of a person's driver's license under the implied consent laws, the state must prove by a preponderance of the evidence both (1) that the person was driving, operating, or in physical control of the motor vehicle, and (2) that the officer had probable cause to believe the person was driving, operating, or in physical control of the vehicle. *Roberts v. Commissioner of Public Safety*, 371 N.W.2d 605, 607 (Minn.Ct.App.1985), *pet. for rev. denied*, (Minn. Oct. 11, 1985).

Here, the trial court concluded that the officer did not have probable cause to believe Sens was in physical control of the Suburban because: (1) Sens was not in possession of the ignition keys; (2) Sens had not driven to the place where he was arrested; and (3) the officer had no grounds to believe there was any attempt or intent on the part of Sens to operate the vehicle.

Probable cause must be evaluated from the point of view of a "prudent and cautious police officer on the scene at the time of the arrest." *Johnson v. Commissioner of Public Safety*, 366 N.W.2d 347, 350 (Minn.Ct.App.1985) (quoting from *State v. Harris*, 265 Minn. 260, 264, 121 N.W.2d 327, 331, *cert. denied*, 375 U.S. 867, 84 S.Ct. 141, 11 L.Ed.2d 94 (1963)).

> In reviewing an officer's actions, the trial court should "consider the totality of the circumstances and should remember that trained law enforcement officers are permitted to make inferences and deductions that might well elude an untrained person."

*Johnson*, 366 N.W.2d at 350 (quoting *State v. Kvam*, 336 N.W.2d 525, 528 (Minn.1983)).

■ The implied consent laws are remedial, and must be interpreted liberally in favor of the public interest and against the private interests of the drivers involved. *Department of Public Safety v. Juncewski*, 308 N.W.2d 316, 319 (Minn.1981).

■ In *Ledin v. Commissioner of Public Safety*, 393 N.W.2d 433 (Minn.Ct.App.

1986), where an intoxicated person was discovered sleeping in a car parked on the street, this court upheld the revocation of the driver's license even though the arresting officer testified that when he read the implied consent advisory he had not seen the keys in the ignition or found them on the driver's person. The officer had been given the keys only after the car had been inventoried. The *Ledin* court stated:

> Physical control does not depend solely on the location of the keys; instead, the location of the keys is one factor among others to consider.

\*     \*     \*     \*     \*     \*

There is no requirement that the Commissioner prove as an element of his case that the driver had possession of his keys. \* \* \* [Appellant] was found sleeping in his car on the road and the officer saw indicia of intoxication when he woke appellant. \* \* \* Since appellant was found in his parked car on the road, \* \* the officer could have reasonably inferred that appellant drove to that location, and had physical control of his automobile.

*Id.* at 435 (citations omitted). Likewise, here, the fact that the keys to the Suburban were not discovered until after the arrest is not dispositive.

 The trial court also relied upon the fact that Sens did not drive to the place where he was arrested and had no intention of driving home. In *Palme v. Commissioner of Public Safety*, 366 N.W.2d 343 (Minn.Ct.App.1985), *pet. for rev. denied,* (Minn. June 24, 1985), the appellant claimed that he had gotten in a friend's truck only to sleep, had never planned to drive, and did not even know the keys were in the cab. Nevertheless, this court found that it was reasonable for the officer to assume that the appellant might have started the truck and driven home. The *Palme* court specifically distinguished *State v. Pazderski*, 352 N.W.2d 85 (Minn.Ct.App.1984), where the sleeping occupant of a vehicle was not

short of his intended destination, but was in his own driveway.[1] *Pazderski* is likewise distinguishable here, since Sens was not parked in his own driveway but on a street several miles from where he was staying. Thus, Sens could still have "set out on an inebriated journey at any moment." *Butterfield v. Commissioner of Public Safety*, 393 N.W.2d 515, 518 (Minn. Ct.App.1986).

## DECISION

The trial court erred by rescinding the revocation of Sens' driver's license. The officer had probable cause to believe Sens was in physical control of his vehicle.

Reversed.

---

1. The *Pazderski* court characterized the use of the vehicle as similar to a tent or a summer screen house.