Thomas Stanley SHORT,
Petitioner, Appellant,

v.

COMMISSIONER OF PUBLIC
SAFETY, Respondent.

No. C0–87–2080.

Court of Appeals of Minnesota.

April 19, 1988.

Paul W. Rogosheske, Thuet, Lynch, Pugh & Rogosheske, South St. Paul, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Jeanne J. Graham, Asst. Atty. Gen., St. Paul, for respondent.

Heard, considered and decided by WOZNIAK, C.J., and RANDALL and KALITOWSKI, JJ.

## OPINION

RANDALL, Judge.

Appellant's driving privileges were revoked after an Intoxilyzer test showed an alcohol concentration of .10. He petitioned for judicial review, asserting in relevant part that he was prevented or denied access to an independent alcohol concentration test and that he had not been in physi-

cal control of his vehicle. The trial court sustained the revocation and appellant brings this appeal. We affirm.

## FACTS

Officer Carol Skoglund investigated a report of a "slumper" in a car in the Veterans of Foreign Wars parking lot. She found appellant in the driver's seat of his car, with his eyes closed. The engine was not running, but the ignition was turned on. She knocked and asked him to open the window; he complied in five to ten minutes. The officer testified he told her that he was waiting in his car until it was safe to drive home.

Appellant testified he had three drinks. He then went out to his car to make telephone calls for his bingo hall business and had been there about fifty minutes when the officer arrived. At that time, the ignition had been turned on to "one click," which controls the radio and telephone. He had to turn it on to "two clicks" to open the power windows.

After appellant opened the window, Skoglund could smell alcohol, and saw appellant's eyes were bloodshot and watery. As he left his car, he appeared to be off balance. He took and failed a preliminary breath test. Skoglund arrested appellant for DWI, and took him to the city hall for testing.

Skoglund read appellant the implied consent advisory. Appellant wanted to talk to an attorney, and did not understand the advisory. Skoglund repeatedly read the advisory, including the provision that appellant had the right to speak to an attorney and have additional tests made by a person of his own choosing. After over 20 minutes, appellant agreed to take the test, which showed he had an alcohol concentration of .10. Skoglund then allowed appellant to call his wife so that she could pick up his vehicle. Appellant, after being advised of his *Miranda* rights, declined to answer questions and requested to talk to his attorney.

Appellant's attorney had called city hall. Skoglund refused to release appellant because any person with an alcohol concentration of .10 or more is brought to the St. Paul annex for booking. Skoglund testified that if the attorney had asked her about obtaining an additional test, she would have told him appellant could obtain it at the annex.

Appellant was brought to the St. Paul annex, and was held there for the usual four hours detention period. Appellant's counsel apparently called the annex in an unsuccessful attempt to obtain his release earlier. Appellant testified that he talked to an officer at the jail about obtaining an additional test. The officer told him that tests were not given at the annex, and instructed him to stay in his bunk. The officer allowed him to call his attorney after about an hour.

Appellant's driver's license was revoked for an implied consent violation and he petitioned for judicial review. After the hearing, the trial court sustained the revocation. Appellant brings an appeal. We affirm.

## ISSUES

1. Did the trial court err in ruling that appellant was neither prevented nor denied an additional test of his alcohol concentration pursuant to Minn.Stat. § 169.123, subd. 3?

2. Did the trial court err in ruling that the officer had probable cause to believe appellant was in physical control of his motor vehicle?

## ANALYSIS

### I.

*Additional test*

The trial court found that appellant had to wait one hour at the St. Paul police department before he was allowed to telephone his attorney, and that he was informed by the jailer that there were no facilities for further tests there. However, the court noted that there was no evidence that his attorney was prohibited from bringing any medical personnel into the jail to draw a blood sample, and no evidence

that any request to do so had ever been made. It sustained the revocation, holding:

> There was no interference with the Petitioner's ability to get a second test while he was held at the Saint Paul Police Department. He was allowed to converse with his attorney while there, and there was no burden upon the State to assist in making arrangements for the second type of test.

Appellant claims the trial court erred in ruling he was neither prevented nor denied access to an independent test. He argues he was not given timely access to the telephone and that the jailer made misleading statements to him about his rights. Minn. Stat. § 169.123, subd. 3 (1986) provides in relevant part:

> The person tested has the right to have someone of the person's own choosing administer a chemical test or tests in addition to any administered at the direction of a peace officer; provided, that the additional test sample on behalf of the person is obtained at the place where the person is in custody, after the test administered at the direction of a peace officer, and at no expense to the state. *The failure or inability to obtain an additional test or tests by a person shall not preclude the admission in evidence of the test taken at the direction of a peace officer unless the additional test was prevented or denied by the peace officer.*

(Emphasis added).

■ This section is an affirmation of the right of persons held in custody to obtain an additional test while being held. *Frost v. Commissioner of Public Safety*, 348 N.W.2d 803, 805 (Minn.Ct.App.1984). The only obligation an officer has in assisting the defendant is to allow the use of a telephone. *State v. Streitz*, 276 Minn. 242, 243, 150 N.W.2d 33, 34 (1967); *Frost*, 348 N.W.2d at 804. A test is neither "prevented" nor "denied" when an officer refuses to assist in furnishing supplies or transportation. *State v. Galarneault*, 354 N.W.2d 597, 600 (Minn.Ct.App.1984); *State v. Hatlestad*, 347 N.W.2d 843, 845 (Minn.Ct.App. 1984).

■ Appellant was allowed two telephone calls, one to his wife after the Intoxilyzer test, and one at the annex within one hour of his arrival there. Skoglund advised him of his right to an additional test. There is no evidence that appellant was prevented or denied from arranging a test at the jail. We find the trial court properly found no prevention or denial.

We note that it may be helpful for the Commissioner to include on the implied consent advisory form a space to check off to indicate whether a driver who requested an additional test was given access to a telephone.

## II.

*Physical control*

■ The second issue is whether the trial court erred in ruling the officer had probable cause to believe appellant was in physical control of his vehicle. The implied consent law authorizes an officer to request a test to determine alcohol concentration when the officer has probable cause to believe the person was driving, operating or in physical control of a motor vehicle in violation of Minn.Stat. § 169.121. Minn. Stat. § 169.123, subd. 2(a). Appellant argues that because he was in his vehicle to use the carphone and to "sleep off" the liquor he consumed, and because there was no evidence that he moved his vehicle while under the influence, the trial court erred in determining there was probable cause to believe he was in physical control of the vehicle. He asserts that *State v. Pazderski*, 352 N.W.2d 85 (Minn.Ct.App.1984) is controlling.

The Commissioner argues that the facts of *Pazderski* are distinguishable here, as they were in *Sens v. Commissioner of Public Safety*, 399 N.W.2d 602, 605 (Minn. Ct.App.1987) and *Palme v. Commissioner of Public Safety*, 366 N.W.2d 343, 344–45 (Minn.Ct.App.1985), *pet. for rev. denied* (Minn. June 24, 1985).

In *Pazderski*, this court held that where the driver had already reached his home, entered it, left again to avoid a domestic quarrel, and then used the front seat of his

car (parked in his yard) as a bed, he was not in physical control of his vehicle for the purpose of violating the law against driving while intoxicated or with an alcohol concentration of .10. *Id.*, 352 N.W.2d at 88–89. In contrast, appellant was parked in a parking lot and, like the drivers in *Sens* and *Palme*, could easily have "set out on an inebriated journey at any moment." *Martin v. Commissioner of Public Safety*, 358 N.W.2d 734, 737 (Minn.Ct.App.1984).

The trial court did not abuse its discretion in finding appellant was in physical control of his vehicle. *Sens*, 399 N.W.2d at 605; *Palme*, 366 N.W.2d at 345.

### DECISION

The order of the trial court sustaining the revocation is affirmed.

Affirmed.