*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A13-1085**

State of Minnesota,
Respondent,

vs.

Justin Lee Niesen,
Appellant.

**Filed October 20, 2014
Affirmed in part and reversed in part
Stoneburner, Judge***

Kanabec County District Court
File No. 33-CR-12-346

Lori Swanson, Attorney General, James B. Early, Assistant Attorney General, St. Paul, Minnesota; and

Barbara McFadden, Kanabec County Attorney, Mora, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Anders J. Erickson, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Chutich, Presiding Judge; Ross, Judge; and Stoneburner, Judge.

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

UNPUBLISHED OPINION

**STONEBURNER**, Judge

Appellant was charged with two counts of violating predatory-offender address-registration requirements. He challenges his conviction of count 1, charging violation of primary-address registration requirements, arguing that because the verdict form cites a statutory subdivision not cited in the complaint, he was convicted of an uncharged crime. Alternatively, appellant argues that the evidence is insufficient to support a conviction for violation of the subdivision stated on the verdict form. Appellant also challenges the sufficiency of the evidence to support the guilty verdict on count 2, charging violation of secondary-address registration requirements, although no conviction was entered on this count. We affirm appellant's conviction of count 1 because, under the unique facts of this case, we conclude that (1) the evidence is sufficient to support a finding that appellant violated a primary-address registration requirement stated in the complaint that was fully addressed at trial, and (2) reversal is not required for the verdict-form error. Because the evidence is so plainly insufficient to support a finding that appellant violated a secondary-address registration requirement, we reverse the guilty verdict on count 2 even though no conviction has been entered on that count.

## FACTS

Viewing the evidence in the light most favorable to the verdict, the record demonstrates that: (1) on October 24 and 25, 2012, appellant Justin Lee Niesen, who is required to register as a predatory offender, left three voicemails for his supervising probation agent stating that he was "gone" and was leaving the state to avoid registration

2

requirements; (2) neither relatives nor residents of Niesen's registered addresses knew where Niesen was staying from October 24 through the end of October; (3) Niesen's uncle and two acquaintances picked Niesen up at a residence in Brook Park (Pine County) on October 27 and attempted to return him to his registered primary address in Mora (Kanabec County), but Niesen jumped out of the vehicle and ran away before the vehicle reached that address; (4) between October 24 and October 29, Niesen did not comply with any of the statutory requirements for leaving or changing a registered primary or secondary address.

Niesen was subsequently charged with two counts of predatory-offender address-registration violation under Minn. Stat. § 243.166, subd. 5(a) (2012). Count 1 charged Niesen with failing to comply with the requirements of Minn. Stat. § 243.166, subds. 3a, 4a(b), because he left his primary address and failed to appropriately inform his corrections' agent or law enforcement. Count 2 charged Niesen with failing to provide a secondary address as required by Minn. Stat. § 243.166, subd. 4a(a)(2) (2012).

At trial, the district court, the prosecutor, and Niesen's attorney reviewed the proposed jury instructions and verdict forms on the record. During the discussion of the verdict form for count 1, the prosecutor stated, in relevant part:

> In this case the evidence is that he left his primary residence and didn't immediately inform the agent and the law enforcement agency like he was supposed to. . . . "[P]roviding law enforcement with a primary address," that's not what he's charged with. And the jury doesn't need to find that to find that he's violated count 1.

And Niesen's counsel stated:

> I think how it should read is, "We, the jury, find the defendant not guilty of the charge of failure to register as a predatory offender." And end it there. I think that the clause "by providing law enforcement with a primary address" . . . just needs to go and it's just guilty or not guilty as to the statute title, which is failure to register as a predatory offender.

The prosecutor agreed. The parties did not discuss whether statutory references would be provided on the verdict forms.

During the discussion of the jury instruction appropriate for count 1, the district court questioned the meaning of the last sentence of the proposed instruction: "If the person leaves a primary address and does not have a new primary address, the person shall register with [the] law enforcement authority that has jurisdiction where a person is staying within 24 hours of the time the person no longer has a primary address." Niesen's attorney stated:

> I think that's kind of what we refer to as the "homeless prong" . . . I don't necessarily think that it's applicable in this case . . . but I hate to excise things from the JIGS, because it is the law.[1] And if the jury in their infinite wisdom finds that there is some utility in having that language in there, I certainly don't want to circumvent that.

The prosecutor then stated that the language comes from the statute: "I believe it's [3a(a)] that references the procedures that he's to follow." The district court then noted that Minn. Stat. § 243.166, subd. 3a(a), "is an identical match to that language so we will leave it in."

---

[1] We note that this is a misstatement because the JIGS are not binding. *See Rowe v. Munye*, 702 N.W.2d 729, 734 n.1 (Minn. 2005) (noting that JIGS are a guide, not an exclusive source of substantive law).

Regarding count 1, the district court instructed, in relevant part, that:

> At least five days before a person starts living at a new primary address, the person shall give written notice of the new primary address to the assigned corrections agent or to the law enforcement authority with which the person is currently registered. If because of a change in circumstances any information previously reported no longer applies, the requirement to register includes immediately informing the agent or law enforcement authority that the information is no longer valid. If the person leaves a primary address and does not have a new primary address, the person shall register with the law enforcement authority that has jurisdiction in the area where the person is staying within 24 hours of the time that the person no longer has a primary address, *Minnesota Statute 243.166, Subdivision 4a(a), Subdivision 4a(b), Subdivision 3a(a), and Subdivision 3(b)*.

(Emphasis added.)

But the verdict forms for count 1 referenced only subdivisions 5(a) and 3(b): "We, the Jury, find the defendant [guilty] [not guilty] of the charge of Failure to Register as a Predatory Offender in violation of M.S. 243.166, subd. 3(b) and M.S. 243.166, subd. 5(a)."[2] The jury returned guilty verdicts on both counts.

The district court sentenced Niesen to 30 months in prison for count 1. At the sentencing hearing, the district court described count 1 as "failing to register as a predatory offender, in violation of Minnesota Statute 243.166.5(a)." The Warrant of Commitment describes Count 1 as "Predatory Offender – Knowingly Violates Registration Req. or Intentionally Provides False Information" in violation of "243.166.5(a)."

---

[2] The "not guilty" verdict form for count 1 is not in the record, but we assume it mirrored the language of the "guilty" verdict form.

5

Niesen appeals, asserting for the first time that the erroneous reference to subdivision 3(b) on the jury verdict form for count 1 is reversible error and challenging the sufficiency of the evidence to support either of the jury's verdicts.

**D E C I S I O N**

## I.     Count 1 verdict form

### A.     Waiver

The state first argues that Niesen has forfeited any objection to the verdict form by failing to raise the issue in the district court and urges this court to decline to exercise discretion to review for plain error. *See Roby v. State*, 547 N.W.2d 354, 357 (Minn. 1996) (stating that appellate courts generally do not decide issues not raised before the district court). There is some merit to the state's argument, particularly because Niesen's counsel's final argument implies that counsel was aware of the error on the verdict form before the close of trial but failed to raise the issue in the district court. But in the interest of justice we exercise our discretion to address the merits of Niesen's claim that the error was plain and affected his substantial right to a fair trial. *See* Minn. R. Crim. P. 31.02 ("Plain error affecting a substantial right can be considered by the court . . . on appeal even if it was not brought to the trial court's attention.").

### B.     Plain error

Niesen asserts that the district court committed plain error by allowing the jury to find him guilty of an uncharged offense. To establish plain error, Niesen must show error that is plain and that affected his substantial rights. *State v. Strommen*, 648 N.W.2d 681, 686 (Minn. 2002).

6

An error is plain if it is "clear or obvious" that the error "contravenes case law, a rule, or a standard of conduct." *State v. Hollins*, 765 N.W.2d 125, 133 (Minn. App. 2009). "It is elementary that one must be tried and convicted only of the accused charge or a lesser included offense." *State v. Voracek*, 353 N.W.2d 219, 220 (Minn. App. 1984). In this case, count 1 charged Niesen with violating Minn. Stat. § 243.166, subd. 5(a) (2012), and identified the violated requirements as those contained in Minn. Stat. § 243.166, subds. 3a, 4a(b). Subdivision 3a(a) requires written registration with appropriate authorities within 24 hours of leaving a primary address without having a new primary address. Minn. Stat. § 243.166, subd. 3a(a). Subdivision 4a(b) requires immediate notice when registered information is no longer valid and also requires registration under the procedures set out in subdivision 3a if a person leaves a primary address and does not have a new primary address. Minn. Stat. § 243.166, subd. 4a(b).

Subdivision 3(b) requires that at least five days before a person starts living at a new primary address, the person shall give written notice of the new primary address to the appropriate authorities. Minn. Stat. § 243.166, subd. 3(b). The complaint did not allege that Niesen violated this subdivision, and the prosecutor never argued that Niesen had a new primary address. Because the state did not charge Niesen with a violation of subdivision 3(b), the inclusion of this citation on the verdict form is error and, despite being overlooked by the district court and the parties, the error is plain.

Even when an error is plain, a defendant bears the "heavy burden" of showing that the plain error was prejudicial and affected his substantial rights. *State v. Burg*, 648 N.W.2d 673, 677 (Minn. 2002). A plain error is prejudicial if there is a reasonable

7

likelihood that it significantly affected the jury's verdict. *State v. Young*, 710 N.W.2d 272, 280 (Minn. 2006). We conclude that Niesen has not met this burden under the circumstances of this case.

Niesen argues that the error deprived him of the ability to present a defense because he was unaware that he was charged with violating subdivision 3(b). But the record shows that Niesen did present a defense against a 3(b) violation and this was the only requirement he addressed in closing argument, telling the jury that there is no evidence in the record that Niesen "decided five days prior to [the day he left his primary address] to establish a new primary residence." Niesen did not argue that the evidence was insufficient to support a finding of guilty for any other registration requirement.

Verdict forms are part of the jury instructions, which are reviewed for an abuse of discretion when viewed in their entirety to determine whether they fairly and adequately explain the law of the case. *State v. Kycia*, 665 N.W.2d 539, 542 (Minn. App. 2003). In this case, Niesen specifically requested that the jury instructions include the substance of the subdivision 3(b) requirement and identify the offense charged only as "failure to register as a predatory offender." He did not object to the reference to subdivision 3(b) on the verdict form or request citation to other registration requirements.

The district court did not instruct the jury which statutory citations referred to which registration requirements, and the order in which it read the statutory citations implied that subdivision 3(b) contained the registration requirement that is actually contained in subdivision 3a(a): that a person leaving a primary address without a new address is required to register within 24 hours of no longer living at the primary address.

Under these circumstances, it is not possible to conclude that the jury convicted Niesen of an uncharged crime despite the error in the statutory citation on the verdict form. The jury, as invited by both parties, convicted Niesen of violating a registration requirement and the violation charged in the complaint, to the extent it was identified to the jury by a statutory reference, was implicitly misidentified to the jury as subdivision 3(b).

Further, under a plain-error analysis, we will not reverse a jury verdict for plain error unless we also determine that fairness and the integrity of the judicial proceedings require us to address the error. *State v. Griller*, 583 N.W.2d 736, 742 (Minn. 1998) (concluding that grant of a new trial for an error in jury instructions would be a miscarriage of justice where defendant was afforded a complete adversarial trial during which he thoroughly presented his theory of the case and the jury rejected his version of events). Niesen had a full opportunity to defend against the charge that he violated a registration requirement, he fully presented his theory of the case, and the jury rejected his version of the events. Although we exercised our discretion to review Niesen's plain-error argument on the merits, we conclude that neither fairness nor the integrity of judicial proceedings require reversal of Niesen's conviction of count 1.

## II. Sufficiency of evidence

"When considering a claim of insufficient evidence, this court conducts a painstaking analysis of the record to determine whether the evidence, when viewed in a light most favorable to the conviction, is sufficient to allow the jurors to reach the verdict that they did." *State v. Nelson*, 812 N.W.2d 184, 187 (Minn. App. 2012) (quotation

omitted). "We must assume that the jury believed the state's witnesses and disbelieved any evidence to the contrary." *Id.*

### A. Count 1

Niesen argues that the evidence is insufficient to support a conviction of the uncharged crime of violating Minn. Stat. § 243.166, subd. 3(b). As discussed above, Niesen has failed to establish that the jury intended to convict him of a violation of subdivision 3(b), therefore we do not address this argument. To the extent Niesen challenges the sufficiency of the evidence to support a conviction of the charged crime, we find no merit in this challenge.

Niesen erroneously asserts that his conviction of count 1 is based solely on circumstantial evidence. But the record contains direct evidence in the form of Niesen's telephone calls telling his probation agent that he was "gone" and was going somewhere where the registration requirements do not apply.[3] Although the agent testified that he did not believe Niesen's statement that he was leaving the State of Minnesota, the agent plainly believed that Niesen intentionally abandoned his registered primary and secondary residences, and subsequent investigation supported that belief. There is direct evidence in the record that Niesen did not report the address or addresses where he was staying to his probation agent or law enforcement from October 24 through October 29 (and beyond).

---

[3] "[D]irect evidence, if believed, directly proves the existence of a fact without requiring any inferences by the fact-finder. Circumstantial evidence, on the other hand, is '[e]vidence based on inference and not on personal knowledge or observation.'" *State v. Silvernail*, 831 N.W.2d 594, 604 (2013) (Stras, J., concurring in part) (citation omitted).

## B.    Count 2

The state did not argue that Niesen's challenge to the guilty verdict on count 2 is not properly before this court and Niesen did not brief the issue of whether lack of conviction on this count makes appeal of this verdict unnecessary or untimely.  We note that in *State v. Ashland*, 287 N.W.2d 649, 650 (Minn. 1979), the supreme court concluded that it "need not decide" a sufficiency-of-evidence challenge to counts for which no sentence was imposed.  Nonetheless, because Niesen's challenge to this verdict plainly has merit, we elect to address the issue.

In count 2, the state charged Niesen with violating Minn. Stat. § 243.166, subd. 5(a), described in the complaint as "knowingly and intentionally fail[ing] to provide a secondary address as defined in Minn. Stat. 243.166 Subd. 1a(i) and as required by  Subd. 4a(a)(2)" in Kanabec County on or about October 24 through 29, 2012.  Subdivision 4a(a)(2) requires registration of "all of the person's secondary addresses in Minnesota, including all addresses used for residential or recreational purposes."  Minn. Stat. § 243.166, subd. 4a(a)(2).  Subdivision 1a(i) defines a secondary address as "the mailing address of any place where the person regularly or occasionally stays overnight when not staying at the person's primary address."  Minn. Stat. § 243.166, subd. 1a(i).

As in count 1, Niesen's telephone calls to his probation agent constitute direct evidence, credited by the jury, that Niesen intended to abandon his registered secondary address.  But there is no evidence in the record that Niesen intended to, or by his conduct did, establish an additional secondary address.

11

The state argues that the Brook Park address constitutes a place where Niesen stayed "occasionally," but the record shows that Niesen was at that address for, at most, three nights. "Occasionally" is defined as "[n]ow and then; from time to time." *The American Heritage Dictionary* 1215 (4th ed. 2000). We agree with Niesen that staying at a location for two or three nights on one occasion does not make that location a place where the person "regularly or occasionally stays overnight." Because the state failed to establish that the Brook Park address, or any other address, is a place where Niesen stayed overnight "now and then" or "from time to time," the state failed to establish that Niesen had an unregistered secondary address. Because the evidence is insufficient to support the jury's verdict on count 2, we reverse that verdict.

**Affirmed in part and reversed in part.**