EDWARD A. GILBERT v. F. L. BERKHEISER.[1]

January 11, 1924.

No. 23,704.

**No recovery of loser's check or money placed as wager.**

Where a check or money is delivered by the loser to the winner in payment of a bet, by placing the same on the table, and the winner takes it, the losser cannot recover either the money or the check.

Action in the municipal court for Duluth to recover $100. The case was tried before Funck, J., who made findings and ordered judgment in favor of defendant. From an order denying his motions for amended findings and conclusions or for a new trial, plaintiff appealed to the district court for St. Louis county where the appeal was heard by Cant, Dancer, Fesler and Magney, JJ., who affirmed the order of the municipal court. From the order of affirmance, plaintiff appealed. Affirmed.

*W. A. Pettenger*, for appellant.

*Fryberger, Fulton, Hoshour & Ziesmer*, for respondent.

[1]Reported in 196 N. W. 653.

QUINN, J.

Action in the municipal court of Duluth for money had and received. The defendant answered, admitted receipt of the money, and alleged that it was obtained in a gambling transaction. There was an order for judgment adverse to the plaintiff. An appeal was taken to the district court where the cause was tried before Judges Cant, Dancer, Fesler and Magney sitting in banc. Again there was a decision against the plaintiff. This appeal is from an order denying plaintiff's motion for a new trial.

The order of the lower court for judgment, as well as the order denying the motion for a new trial, was right. The defendant was a member and officer of the M. M. Gasser Company, a grocery jobbing house. On the morning of October 5, 1921, appellant entered that place and inquired of defendant the price of cane sugar. When informed that it was worth $6.25 per cwt., plaintiff replied that he could buy it for that price on 30 days' time anywhere in town. Defendant said he could not, and a bet or wager of $100 on the proposition was made. Neither party having $100 in currency about his person, each wrote a check on his bank and placed it on the table. They then agreed as to how the price of sugar should be determined. Upon putting the manner of proof to test, the appellant conceded that he was mistaken in the kind of sugar which he could buy on the terms mentioned and that he was wrong upon the proposition, whereupon the respondent took appellant's check from the table, and, later in the day, went to the bank and drew the cash on it. Appellant in no manner attempted to stop payment on the check.

The transaction was a bet or wager upon a chance, which amounted to gambling, within the meaning of the law. A bet is the wager of money or property upon an incident by which one or both parties stand to win or lose by chance. In the instant case respondent took a chance and wagered his money upon the proposition that the appellant could not buy cane sugar at $6.25 per cwt., on 30 days' time. He won the bet and took the check in payment therefor, upon which he received the money. The parties built their own nest with which they must be content. The law will leave them where it found them. There was a sufficient delivery of the checks. When two

gamblers place the wager on the table at which they are sitting, while determining who the winner is, it is not necessary for the loser to pick up the coin or other article and hand it to the winner in order to constitute a delivery of the wager. It is sufficient if the winner reaches over and scoops in the pillage.

Affirmed.