STATE of Minnesota, Appellant,

v.

Melbourne J. SHAW, Respondent.

No. 48109.

Supreme Court of Minnesota.

March 17, 1978.

Warren Spannaus, Atty. Gen., Thomas L. Fabel, Deputy Atty. Gen., Gary Hansen, Special Asst. Atty. Gen., St. Paul, Thomas J. Ryan, County Atty., Pine City, for appellant.

Weinberg, Litman & Kaner and Sidney E. Kaner, Duluth, for respondent.

PER CURIAM.

This is a pretrial appeal by the state from an order of the district court dismissing a complaint for lack of probable cause in the prosecution of defendant for arson, Minn.St. 609.561, subd. 1. We dismiss the appeal as being from a nonappealable order under Rule 29.03, subd. 1, Rules of Criminal Procedure, and vacate our prior order refusing to dismiss the state's appeal and granting discretionary review as improvidently issued.

The complaint in this case included a detailed summary of results of an investiga-

tion into the cause of the fire which destroyed defendant's dwelling place and referred to certain inculpatory admissions made by defendant to an investigator from the state fire marshal's office. Attached to the complaint was a copy of the complete investigatory report, which included a transcribed copy of the taped statement defendant made to the investigator. The district court at the omnibus hearing suppressed the tape recording as well as the transcribed copy of it because of the state's failure to give defendant a copy of the statement at the time it was made, as required by § 611.033. The court then ordered the complaint dismissed, apparently because it believed that the complaint by itself, without the use of the attached transcript, was not sufficient to establish probable cause.

 The district court was correct in concluding that the tape recording and the transcript of it had to be suppressed pursuant to § 611.033. As we held in *State v. Beach*, 304 Minn. 302, 231 N.W.2d 75 (1975), a tape recording of a conversation with an accused is a "writing" under § 611.033 and therefore the state must supply the defendant with a copy of the recording or transcript at the time the taped statement is made if the recording or transcript is to be used as direct evidence.[1]

 However, we also made clear in the *Beach* case that while failure to supply the defendant with a copy of the tape or transcript prevents the use of the tape or the transcript as direct evidence, it did not prevent the prosecutor from using the contents of the statement. That is, the tape or the transcript still may be referred to by the person taking the statement to refresh his recollection as to what was said and, further, he is not barred from testifying either

before the grand jury or at trial as to what was said.

 It thus appears that the prosecutor is not prevented from reissuing his complaint in slightly amended form, omitting the transcript of the interview but including references to the content of that interview as recalled by the investigator. Because of this, it is clear that appeal to this court will not lie from the order of dismissal. Rule 29.03, subd. 1, Rules of Criminal Procedure, provides that the state may appeal from any pretrial order except an order dismissing a complaint for lack of probable cause or an order dismissing a complaint pursuant to § 631.21 (which deals with dismissal of cases "in furtherance of justice"). The reason given by the comments for these exceptions to the general rule permitting appeal from pretrial orders is that they "represent situations in which the prosecuting authority does not need the right of appeal since it may reinstate its case by other means." Here it is clear that the prosecutor is free to reissue the complaint, and accordingly the appeal must be dismissed as from a nonappealable order. See, *State v. Mayhood*, 308 Minn. 259, 241 N.W.2d 803 (1976).

Appeal dismissed.

Defendant is awarded $250 attorneys fees pursuant to Rule 29.03, subd. 2(8), Rules of Criminal Procedure.

---

1. Minn.St. 611.033 provides: "No statement, confession, or admission *in writing* shall be received in evidence in any criminal proceeding against any defendant unless *at the time of the taking thereof* such defendant shall have been furnished with a *copy* thereof and which statement, confession, or admission shall have endorsed thereon or attached thereto the receipt of the accused which shall state that a copy thereof has been received by him." (Italics supplied.)