**STATE of Minnesota, Appellant,**

v.

**Barbara Jean DIERSEN, Respondent.**

**No. C0–84–1321.**

Court of Appeals of Minnesota.

Oct. 23, 1984.

St. Paul. According to the store security agent, respondent concealed several items worth $26 in a shopping bag. Respondent paid for other merchandise, but not the secreted items.

At the store security office, respondent signed a confession admitting taking the items without intending to pay. Respondent was not given a copy of this confession. The police were notified, and respondent was cited for theft under Minn.Stat. § 609.52 (1982).

At the pretrial hearing, the trial court (1) excluded evidence of a prior conviction for shoplifting, (2) ruled the prior conviction inadmissible under Minn.R.Evid. 403, 404(b), and (3) excluded the written confession signed by respondent because respondent did not receive a copy of the confession within a reasonable time as required by Minn.Stat. § 611.033 (1982). The trial court also excluded any testimony about what the defendant said.

Hubert H. Humphrey, III, Atty. Gen., Edward P. Starr, St. Paul City Atty., Anne Bastien Petersen, Asst. City Atty., St. Paul, for appellant.

Douglas W. Thomson, Deborah Ellis, Thomson & Hawkins, St. Paul, for respondent.

Considered and decided by POPOVICH, C.J., and HUSPENI and FORSBERG, JJ.

## OPINION

POPOVICH, Chief Judge.

The State appeals a pretrial order excluding Spreigl evidence concerning a prior shoplifting incident, excluding a written confession by respondent, and excluding testimony about what the defendant said. The State claims the trial court erred by the exclusion. We affirm and reverse in part.

## FACTS

On January 19, 1984, respondent was detained for shoplifting at a Target store in

## ISSUES

1. Did the trial court abuse its discretion by excluding evidence of a prior shoplifting conviction?

2. Did the trial court correctly exclude the written confession and testimony about what the defendant said under Minn.Stat. § 611.033 (1982)?

## ANALYSIS

*1. Prior Conviction Evidence.*

■ Evidence of prior convictions is admissible when the requirements set forth in *State v. Billstrom*, 276 Minn. 174, 149 N.W.2d 281 (1967), have been met and the trial court determines the probative value of the evidence outweighs its prejudicial effect. *State v. Titworth*, 255 N.W.2d 241, 246 (Minn.1977).

■ The record discloses the trial court considered the arguments of both parties. The trial court determined the *Billstrom* requirements were not met and the probative value of the prior shoplifting conviction would be outweighed by its prejudicial

effect. Our review of the record discloses no abuse of discretion by the trial court's exclusion of respondent's prior conviction for shoplifting.

### 2. *Exclusion of Confession under Minn.Stat. § 611.033.*

Minn.Stat. § 611.033 (1982) provides:

A statement, confession, or admission in writing shall not be received in evidence in any criminal proceeding against any defendant unless within· a reasonable time of the taking thereof the defendant is furnished with a copy thereof and which statement, confession, or admission shall have endorsed thereon or attached thereto the receipt of the accused or certification of a peace officer which shall state that a copy thereof has been received by or made available to the accused.

*Id.* The State claims section 611.033 is inapplicable to confessions or statements taken by private persons. The State also claims testimony about what the defendant said is admissible even if the confession itself is not admissible.

In 1975, the Minnesota Supreme Court stated:

[T]he language of § 611.033 nowhere indicates that its application is limited to law enforcement agencies.

*State v. Beach,* 304 Minn. 302, 309, 231 N.W.2d 75, 79 (1975). In 1979, however, section 611.033 was amended as follows:

No A statement, confession, or admission in writing shall not be received in evidence in any criminal proceeding against any defendant unless at the within a reasonable time of the taking thereof such the defendant shall have been is furnished with a copy thereof and which statement, confession, or admission shall have endorsed thereon or attached thereto the receipt of the accused or certification of a peace officer which shall state that a copy thereof has been received by him or made available to the accused.

1979 Minn.Laws ch. 258, § 20. The State contends the changes made in 1979 limit the application of section 611.033 to law enforcement agencies. We disagree.

The effect of the 1979 amendment was to give law enforcement agencies a less restrictive method of providing copies of confessions to defendants. The statute does not apply to only confessions or statements taken by law enforcement agencies. The trial court properly excluded respondent's written confession under Minn.Stat. § 611.-033 (1982). *See State v. Shaw,* 264 N.W.2d 397, 398 (Minn.1978); *State v. Beach,* 304 Minn. at 309–10, 231 N.W.2d at 79–80.

The trial court erred, however, by forbidding testimony about what the defendant said.

[W]hile failure to supply the defendant with a copy of the tape or transcript prevents the use of the tape or the transcript as direct evidence, it did not prevent the prosecutor from using the contents of the statement. That is, the tape or the transcript still may be referred to by the person taking the statement to refresh his recollection as to what was said and, further, he is not barred from testifying either before the grand jury or at trial as to what was said.

*State v. Shaw,* 264 N.W.2d at 398; *see State v. Beach,* 304 Minn. at 310–11, 231 N.W.2d at 80.

### DECISION

The trial court did not abuse its discretion by excluding evidence of respondent's prior conviction for shoplifting. The trial court properly excluded respondent's written confession pursuant to Minn.Stat. § 611.033 (1982), but incorrectly excluded testimony about what the defendant said.

Affirmed and reversed in part.