**STATE of Minnesota, Respondent,**

v.

**John Gregory ZAYCHECK, Appellant.**

**No. C0–85–2186.**

Court of Appeals of Minnesota.

April 29, 1986.

---

C. Hill, Asst. Ramsey Co. Atty., St. Paul, for respondent.

C. Paul Jones, Public Defender, Mark F. Anderson, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by WOZNIAK, P. J. and HUSPENI and RANDALL, JJ., with oral argument waived.

## OPINION

HUSPENI, Judge.

Appellant John Zaycheck seeks review of his sentence, contending that he is entitled to jail credit for time spent in custody prior to sentencing. We reverse.

## FACTS

On May 29, 1985, Zaycheck was charged in Ramsey County District Court with receiving stolen property and theft. At that time, he was already incarcerated in Stillwater State Prison for prior convictions in another county. He had a tentative release date of June 1986. Ramsey County did not request that any type of "hold" be placed on Zaycheck. He appeared in district court two days after the complaint was filed. Three months later Zaycheck pleaded guilty to the theft charge. The plea agreement entered into provided that his sentence would be served concurrently with the prison sentence he was then serving. On September 18, 1985, Zaycheck was sentenced to a term of twenty-eight months concurrent with any previous sentence. The trial court declined to grant Zaycheck any jail credit for the time he spent at Stillwater before sentencing.

## ISSUE

Is appellant entitled to credit against his sentence for time spent in custody before sentencing?

## ANALYSIS

A defendant is entitled to jail credit for "all time spent in custody in connection with the offense or behavioral

Hubert H. Humphrey, III, Atty. Gen., Thomas Foley, Ramsey Co. Atty., Darrell

incident for which sentence is imposed." Minn.R.Crim.P. 27.03, subd. 4(B). *See also* Minnesota Sentencing Guidelines & Commentary III.C. Awards of jail credit are governed by principles of fairness and equity and determined on a case-by-case basis. *See State v. Dulski,* 363 N.W.2d 307, 310 (Minn.1985). The defendant has the burden of establishing that he/she is entitled to jail credit for a specific period of time. *State v. Willis,* 376 N.W.2d 427, 428 n. 1 (Minn.1985).

■ The State contends that the "in connection with" requirement of Rule 27.03 is a threshold legal requirement that must be met before a court can consider such issues as the fairness and equity of an award of jail credit, the effect of concurrent sentencing, and the possibility of a de facto departure from the sentencing guidelines. The State essentially claims that the "in connection with" requirement is satisfied only if a "hold" has been placed upon a defendant. We cannot construe the requirement so narrowly.

In *Dulski,* the supreme court determined that, because a "hold" was placed on the defendant, he met the "in connection with" requirement. 363 N.W.2d at 309. The court then stated:

> More importantly, the sentence that defendant received in Carlton County [on another matter] was a concurrent sentence. Crediting the jail time against both sentences in such a situation does not give the defendant an unfair double credit but instead prevents a de facto departure resulting in consecutive service.

*Id.* at 309–10. This statement implies that issues such as the fairness of an award of jail credit or the possibility of a de facto departure are factors in determining whether the "in connection with" requirement is met. They are not, as the State suggests, simply factors to be considered only if a hold has been placed on a defendant. *See also State v. Anderson,* 378 N.W.2d 632, 635 (Minn.Ct.App.1985) ("Since the sentences are concurrent anyway it would be unfair to penalize him for the delay in holding the hearing by not allowing him credit").

■ In the present case, Zaycheck was readily available to Ramsey County authorities from the date he was charged. They knew he was at Stillwater and would not be leaving until June 1986. To a great extent the State had control over the length of time that would elapse between charging and sentencing on the theft offense. The trial court ordered that Zaycheck's sentence be served concurrently with the sentence he was then serving in Stillwater. The court's order conformed with the sentencing guidelines. The trial court did not articulate any factors that would justify a departure. Under the circumstances here, it is unfair to deny jail credit to Zaycheck. To do so would be to impose a de facto consecutive sentence upon him to the extent that there was any delay in the proceedings on the theft charge.

### DECISION

Appellant shall be granted credit for time spent in custody from the date he was charged with the theft offense until the sentencing on that offense.

Reversed.