**STATE of Minnesota, Respondent,**

v.

**David William CARSON, Appellant.**

**No. C2-86-1020.**

Court of Appeals of Minnesota.

Sept. 23, 1986.

---

1. On appeal, Beyer does not argue that his job dissatisfaction constituted good cause to quit.

C. Paul Jones, State Public Defender, Steven P. Russett, Asst. State Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey, III, State Atty. Gen., St. Paul, Thomas L. Johnson, Hennepin Co. Atty., Vernon E. Bergstrom, Chief, Appellate Div., Minneapolis, for respondent.

Considered and decided by FOLEY, P.J., and HUSPENI and CRIPPEN, JJ., with oral argument waived.

## OPINION

FOLEY, Judge.

This is a sentencing appeal under Minn. R.Crim.P. 28.05 from an order executing a previously stayed sentence. Appellant David Carson's probation was revoked and this previously stayed sentence was executed following his arrest and plea of guilty to new offenses committed while on probation. He contends he is entitled to jail credit for time spent in custody following his arrest on December 4, 1985 for these new offenses until April 8, 1986, the date of his probation revocation hearing. We agree and reverse the trial court's denial of jail credit for this period of time.

## FACTS

In May 1985, Carson pleaded guilty to a charge of aggravated robbery. He was sentenced to a stayed term of 36 months and placed on probation for a period of 5 years.

On December 4, 1985, Carson was arrested and charged with being a felon in possession of a pistol. In January 1986, while still incarcerated on these new charges, he was charged with additional offenses of second degree assault and another count of felon in possession of a pistol in connection with an offense committed in November 1985. On February 24, Carson entered a guilty plea to the December charge of felon in possession of a pistol.

Based on this guilty plea and on the charges still pending, an arrest and detention order was signed on April 4 and filed on April 7 with respect to Carson's previously stayed sentence for aggravated robbery. A probation revocation hearing was held on April 8, Carson's probation was revoked and the previously stayed sentence was executed. Carson was granted 10 days jail credit against the 36 month sentence, apparently for time served when he was arrested in 1985.[1]

On April 11, Carson pleaded guilty to the outstanding charge of felon in possession of a pistol based on the November offense. He was then sentenced to concurrent terms of 15 and 17 months for this offense and for the previous December offense (to which he had pleaded guilty in February). Carson received 129 days jail credit against both sentences from the date of his original arrest on December 4. At his request, these two sentences were executed and made concurrent with the 36 month sentence for aggravated robbery.

This appeal is from imposition of the 36 month sentence for aggravated robbery. Carson contends he is entitled to a total of 129 days jail credit for the time spent in custody from December 5, 1985 until April 8, 1986, and for four days served as a result of his original arrest.

## ISSUE

Is Carson entitled to additional jail credit against his aggravated robbery sentence?

1. At the probation revocation hearing, the trial court was informed that Carson had been incarcerated for only four days when he was originally arrested in 1985. For some unexplained reason, however, the trial court granted him 10 days jail credit against his 36-month sentence.

## ANALYSIS

When a criminal sentence is imposed, the trial court shall:

[A]ssure that the record accurately reflects all time spent in custody in connection with the offense or behavioral incident for which sentence is imposed. Such time shall be automatically deducted from the sentence * * *.

Minn.R.Crim.P. 27.03, subd. 4(B).

The facts of this case are substantially similar to those in *State v. Dulski*, 363 N.W.2d 307 (Minn.1985). In *Dulski*, the supreme court held that when a defendant is sentenced to a concurrent sentence for an offense committed while on probation, he is ordinarily entitled to receive full credit—against both the current sentence and the sentence for which probation is revoked—for time spent in custody following his arrest for the current offense. In granting the defendant jail credit, the court considered that because a "hold" had been placed on him while he was in jail on the new offense, he was serving time partly "in connection with" the sentence for which probation is revoked. "More importantly," the court found that the sentence for the subsequent offense was to be served concurrently and that "[c]rediting the jail time against both sentences in such a situation does not give the defendant an unfair double credit but instead prevents a de facto departure resulting in consecutive service." *Id.* at 309–10.

This court recently interpreted *Dulski* as implying that the absence of a "hold" on a defendant does not preclude consideration of "issues such as the fairness of an award of jail credit or the possibility of a de facto departure are factors in determining whether the 'in connection with' requirement is met." *State v. Zaycheck*, 386 N.W.2d 294, 296 (Minn.Ct.App.1986).

In this case, the state does not discuss the fairness or the de facto consecutive sentence aspects of denying Carson jail credit. The state merely argues that the time served by Carson from his arrest to his probation revocation hearing cannot be considered "in connection with" the aggravated robbery sentence because Carson was not specifically being held in connection with the violation of his probation and because he failed to request that such a hold be issued. A transcript of the probation revocation hearing, however, reveals that the state did not issue an arrest and detention order immediately because "there was some discussion that perhaps there was a negotiation with the County Attorney's Office that he might be of some assistance or cooperation on an additional case * * *." Carson's attorney further indicates that during the initial bond hearing, bond was set high in part because the county attorney's office represented that there was a revocation hold placed on Carson. Defense counsel therefore assumed that a hold had been issued and did not request a revocation hearing.

Because the sentences in this case were concurrent, denial of jail credit imposes a de facto consecutive sentence on Carson to the extent that there was any delay in revoking his probation and in executing the sentence for aggravated robbery. Carson is entitled to receive credit against the previously stayed sentence. Any other result would mean that the length of time served on the sentence for the first offense would turn on when the sentence is executed, a factor subject to manipulation and to irrelevant factors such as whether the defendant pleads guilty or insists on his right to a trial. *See Dulski*, 363 N.W.2d at 310.

## DECISION

Carson is entitled to receive jail credit for the time spent in custody from the date he was arrested for the new offense until the date of his probation revocation hearing and for the four days he spent in custody when he was originally arrested in 1985, for a total of 129 days credit.

Reversed and remanded for modification of sentence.