STATE of Minnesota, City of La
Crescent Appellant,

v.

Peggy L. HENDRICKSON, Respondent.

No. C6–86–355.

Court of Appeals of Minnesota.

Nov. 4, 1986.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, William V. VonArx, Caledonia, for appellant.

Ross A. Phelps, La Crescent, for respondent.

Heard, considered and decided by RANDALL, P.J., and PARKER and HUSPENI, JJ.

## OPINION

RANDALL, Judge.

Respondent was arrested and charged with driving while under the influence of alcohol, obstructing legal process, and two traffic violations. Following a pretrial evidentiary hearing, the district court dismissed the charge of obstructing legal process. The court suppressed tape recorded statements made by the respondent following her arrest. The trial court also found that respondent had been improperly detained. The State appeals the pretrial order dismissing the charge of obstructing legal process and suppressing the tape recorded statements. We affirm on all issues except the finding of improper detention.

## FACTS

On November 24, 1985, at approximately 8:30 p.m. while on patrol, Officer Korus (Korus) observed a motor vehicle traveling in excess of the speed limit, driving left of the center line, and running a stop sign. After he pulled the vehicle over and approached the driver, respondent, Korus noticed an odor of alcohol. Korus asked respondent to step out of the car. Respondent initially refused. Eventually, she got out of the car and performed some field sobriety tests with unsatisfactory results. After Korus told respondent she was under arrest, she got back into her car intending to drive the remaining few blocks to her home to be with her children. Korus removed respondent from her car, placed her in the patrol car, and took her to the police station.

At the police station, Korus recorded the subsequent events on tape. He read respondent the implied consent advisory, but respondent refused to take a breath test. Korus then informed respondent of her *Miranda* rights. Respondent answered questions regarding her drinking earlier that evening. Following additional questions, Korus said, "I normally don't do this, but one more time I'm going to offer you the breath test and I won't revoke your license for a year if you want to give it." Respondent refused this offer.

Soon after refusing the breath test, respondent again attempted to go home in order to take care of her children. Korus told her, "you're still under arrest," and informed her that she could not leave until someone signed for her. When respondent persisted in her attempts to leave, Korus told her, "I'll put you in jail," and "we'll get the social service to watch your kids." Respondent persisted in her attempts to go home to her kids, and Korus stated "I'm

going to let you go home if you behave. O.K.?'' However, a short time later, Korus repeated that respondent would not be released unless someone would sign for her. Respondent began to demand that Korus call Sheriff Dennis Swedburg, respondent's neighbor.

Respondent continued to be uncooperative. She interfered with Korus' completion of the necessary paperwork, at times snatching it away from him. Korus eventually threatened to put her in jail if she did not desist. Korus threatened to issue a disorderly conduct charge and put her in jail. Eventually, when Korus took respondent to jail, he found it necessary to restrain her.

On November 24, 1985, respondent was charged with four misdemeanor counts: driving under the influence, Minn.Stat. § 169.121, subd. 1(a) (1984); obstructing legal process, Minn.Stat. § 609.50(2); disobeying a stop sign, Minn.Stat. § 169.30 (1984); and driving on the left half of the roadway, Minn.Stat. § 169.18, subd. 1 (1984)[1].

Following the pretrial evidentiary hearing, the trial court issued its findings of fact and order, dated February 20, 1986. In its incorporated memorandum, the trial court found that Korus had not followed procedures as outlined in Minn.R.Crim.P. 4.02 and 6.01, and that, therefore, Korus had improperly detained respondent. The court found that the officer's conduct during processing confused respondent as to her right to be released and that the officer arbitrarily took respondent to the Winona County Jail. Finally, the court found that respondent's reactions were largely precipitated by the officer's conduct. The court dismissed the obstructing legal process charge and suppressed the statements made on tape.

## ISSUES

1. Is the pretrial dismissal of the charge of obstructing legal process appealable by the prosecuting attorney under Minn.R. Crim.P. § 28.04, subd. 1?

2. Was the respondent improperly detained?

3. Was the pretrial suppression of tape-recorded statements made during respondent's detention proper?

4. Is the respondent entitled to attorney's fees?

## ANALYSIS

### I.

*Appealability of Pretrial Dismissal of Charge*

The State appeals the dismissal of the obstructing legal process charge arising out of the respondent's arrest. Minn.R. Crim.P. § 28.04, subd. 1 provides:

The prosecuting attorney may appeal as of right to the Court of Appeals: (1) in *any* case, from *any* pretrial order of the trial court *except* an order dismissing a complaint for lack of probable cause to believe the defendant has committed an offense *or* an order dismissing a complaint pursuant to Minn.Stat. § 631.21.

(Emphasis added.)

The dismissal for probable cause exception to appealability in Minn.R.Crim.P. § 28.04, subd. 1(1) does not bar the prosecuting attorney's appeal of the dismissal of this charge. However, § 28.04, subd. 1(1) also bars appeal of an order dismissing a complaint issued pursuant to Minn.Stat. § 631.21 (1984). Section 631.21 provides:

The court may, either of its own motion or upon the application of the prosecuting officer, and in furtherance of justice, order any criminal action, whether prosecuted upon indictment, information, or complaint, to be dismissed; but in that case the reasons for the dismissal shall be set forth in the order, and entered upon the minutes, and the recommenda-

1. Subdivision 1 is entitled "Keep to the right." Subdivision 5 is the statute applicable to "Driv- ing left of roadway center."

tions of the prosecuting officer in reference thereto, with his reasons therefor, shall be stated in writing and filed as a public record with the official files of the case.

■ Neither party moved at the pretrial hearing to dismiss the obstructing legal process charge, and we find the dismissal to be on the court's own motion. Furthermore, the court's memorandum, incorporated into the findings of fact, set forth the reasons for the dismissal in compliance with Minn.Stat. § 631.21.

The court based its dismissal on its findings that during processing, Korus confused the respondent as to her right to be released, and that respondent's conduct was largely precipitated by Korus' conduct. The court also found that Korus had violated "all the rules of criminal procedure" and "all the rules of common sense" in dealing with respondent's arrest. The court's dismissal of the charge of obstructing legal process was in the furtherance of justice pursuant to § 631.21. We hold that the State is thus barred from appealing the dismissal of the charge of obstructing legal process.

■ As Korus is a competent witness to respondent's conduct, appellant still has evidence with which to recharge. The dismissal does not effectively prevent further prosecution by making reissuing the complaint pointless. *See State v. Olson,* 382 N.W.2d 279, 281 (Minn.Ct.App.1986); *State v. Aarsvold,* 376 N.W.2d 518, 520 (Minn.Ct. App.1985) *pet. for rev. denied* (Minn. December 30, 1985). The prosecuting attorney has the prerogative of recharging. It is for the State to assess the wisdom of a recharge.

## II.

*Propriety of Respondent's Detention*

■ Minn.R.Crim.P. § 6.01, subd. 1(1)b, provides that a person arrested without a warrant for a misdemeanor shall be issued a citation in lieu of continued detention. The exceptions are when detention is necessary to prevent injury or to prevent further crimes, or if the accused is likely to fail to respond to the citation. The Minnesota Supreme Court has held that the rules of criminal procedure require the issuance of a citation unless one of the exceptions apply. *See State v. Martin,* 253 N.W.2d 404, 405 (Minn.1977).

However, Minn.Stat. § 169.91, subd. 1(4) (1984) provides a different arrest procedure for an individual charged with the misdemeanor, driving under the influence, Minn. Stat. § 169.121, subd. 1(a):

> When any person is arrested for any violation of any law or ordinance relating to the operation or registration of vehicles punishable as a petty misdemeanor, misdemeanor, gross misdemeanor, or felony, the arrested person shall be taken into custody and immediately taken before a judge.
>
> \* \* \* \* \* \*
>
> (4) When the person is arrested upon a charge of driving or operating or being in actual physical control of any motor vehicle while under the influence of intoxicating liquor or drugs.

"This statute modifies the more liberal release rule under Minn.R.Crim.P. 6.01." *State v. Galarneault,* 354 N.W.2d 597, 599 (Minn.App.1984). Minn.Stat. § 169.91, "[i]nstead of requiring release, [§ 169.91] authorizes detention of those charged with DWI." *Id.* at 600. Since respondent was initially taken into custody for DWI, her overnight detention, based on Officer Korus' judgment call, was proper. We hold that the trial court erred in concluding that respondent's detention was unauthorized.

## III.

*Pretrial Suppression of Tape-Recorded Statement*

In a pretrial appeal from an order suppressing evidence in a criminal case, a reviewing court will reverse the trial court only

> if the state demonstrates clearly and unequivocally that the trial court has erred in its judgment and that, unless reversed,

the error will have a critical impact on the outcome of the trial.

*State v. Webber,* 262 N.W.2d 157, 159 (Minn.1977).

 Appellant failed to show that the suppression would have a critical impact on the prosecution. Appellant cannot now complain of the trial court's suppression of evidence. *See e.g., State v. Wendroth,* 352 N.W.2d 133 (Minn.Ct.App.1984).

Eyewitness testimony of the arresting officer will be available if the prosecution recharges respondent with obstructing legal process. *See State v. Eisenbacher,* 368 N.W.2d 369, 371 (Minn.Ct.App.1985). Korus can testify as to respondent's conduct when he first pulled her over and during processing. Furthermore, he can use the tape transcript to refresh his recollection. *See e.g., State v. Shaw,* 264 N.W.2d 397, 398 (Minn.1978). Appellant did not show that suppression of the tape recorded statements would have had a critical impact on the prosecution of either the DWI charge or a reissued charge of obstructing legal process.

Because the prosecution did not show that suppression would have a critical impact, we do not reach the merits of appellant's claim that the trial court clearly erred in its judgment on the suppression issue.

## IV.

### *Attorney's Fees*

 When the state appeals a pretrial suppression order under Minn.R.Crim.P. § 28.04, win or lose the defendant is entitled to recover reasonable attorney's fees.

Reasonable attorney's fees and costs incurred shall be allowed to the defendant on such appeal which shall be paid by the county in which the prosecution was commenced.

Minn.R.Crim.P. § 28.04, subd. 2(6).

Respondent has filed a brief and is entitled to reasonable attorney fees. *See e.g., State v. Larson,* 254 N.W.2d 380, 381 (Minn.1977) (defendant who filed no brief was not entitled to attorney fees). Respon-

dent has provided an itemized accounting of time spent on developing the appeal. *See e.g., Eisenbacher,* 368 N.W.2d at 372.

In this case, there was no oral argument. Reasonable attorney fees in this case include the $317.60 for expenses advanced and $880 for the documented legal services (17.6 hrs. at $50) for a total of $1197.60.

## DECISION

The pretrial dismissal of the charge of obstructing legal process was not appealable by the prosecution. Respondent, arrested for DWI, was not improperly detained. Suppression of tape-recorded statements made after arrest will not be reversed where the State failed to show a critical impact. Appellant is entitled to attorney fees for this appeal, pursuant to Minn.R.Crim.P. 28.04, subd. 2(6).

Affirmed as modified.