STATE of Minnesota, Respondent,

v.

**Scott Alan KOSKI, Appellant.**

No. C5–87–342.

Court of Appeals of Minnesota.

July 14, 1987.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Alan L. Mitchell, St. Louis Co. Atty., Mark S. Rubin, Asst. Co. Atty., Duluth, for respondent.

C. Paul Jones, State Public Defender, James M. Burseth, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by POPOVICH, C.J. and WOZNIAK and LESLIE, JJ., with oral argument waived.

## OPINION

WOZNIAK, Judge.

Appellant Alan Koski claims he is entitled to jail credit for the time spent in custody prior to sentencing. We reverse.

## FACTS

On June 27, 1986, Koski pleaded guilty to third degree burglary, and sentencing was set for August 1, 1986.

On July 19, 1986, Koski was arrested and charged with two counts of felony theft, one count of gross misdemeanor providing alcohol to a minor, and one count of misdemeanor criminal damage to property. He remained in custody because he could not post the $10,000 bail.

At the August sentencing hearing on the third degree burglary charge, execution of the sentence was stayed and Koski was placed on probation for two years, including a condition of serving the first six months in the St. Louis County jail.

While in custody, on November 21, 1986, Koski pleaded guilty to all the charges relating to his July 19 arrest. He was sentenced to the presumptive guidelines term of 13 months for the first felony theft count, with execution stayed on the condition that he serve eight months in jail. This sentence was concurrent with the six-month term previously imposed for his third degree burglary conviction. Koski received an identical sentence for the second felony count and the other offenses.

The trial court granted jail credit for the subsequent convictions from the day of arrest (July 19) until August 1 and from November 21 to the December 3 sentencing date. The court refused to grant credit for the full 111 days from August 1 until November 21 because the time was attributed to Koski's third degree burglary sentence. Koski challenges this ruling.

## ISSUE

Did the trial court err in failing to grant appellant credit against his sentence for time spent in custody prior to sentencing?

## ANALYSIS

■ A defendant is entitled to jail credit for "all time spent in custody in connection with the offense or behavioral incident for which the sentence is imposed." Minn. R.Crim.P. 27.03, subd. 4(B). Awards of jail credit are governed by principles of fairness and equity and determined on a case-by-case basis. *State v. Dulski*, 363 N.W.2d 307, 310 (Minn.1985).

The State contends that the time spent in custody was not "in connection with" Koski's subsequent offenses since he already was serving six months in the workhouse for an unrelated burglary conviction. Koski notes that he also was in custody because he could not post bail following his second arrest and thus would have remained in custody without the prior conviction.

Additional factors, however, are considered equally important in determining the award of jail credit. In *Dulski*, the supreme court held that a defendant ordinarily is entitled to full credit for the time spent in custody when he is given a concurrent sentence for an offense committed while on probation. *Id.* In granting jail credit, the court held that, since a "hold" was placed on the defendant while in jail on the new offense, he was serving time partly "in connection with" the earlier sentence. *Id.* at 309. The court also stressed:

> More importantly, the sentence that defendant received * * * was a concurrent sentence. Crediting jail time against both sentences in such a situation does not give the defendant an unfair double credit, but instead prevents a de facto departure resulting in consecutive [sentence].

*Id.* at 309–10.

This court has interpreted the *Dulski* language to mean "that issues such as the fairness of an award of jail credit or the possibility of a de facto departure are factors in determining whether the 'in connection with' requirement is met." *State v. Zaycheck*, 386 N.W.2d 294, 296 (Minn.Ct. App.1986); *see also State v. Carson*, 393 N.W.2d 382, 384 (Minn.Ct.App.1986). In both *Zaycheck* and *Carson*, there was no "hold" placed upon the defendant, and thus no true connection between presentencing jail time and the subsequent offense. Both courts awarded jail credit, however, finding that the sentences imposed by the trial court were concurrent and that any delay in executing the sentence on the new offense resulted in a de facto consecutive sentence. *Carson*, 393 N.W.2d at 384; *Zaycheck*, 386 N.W.2d at 296. In support, the *Carson* court cited the *Dulski* rationale and held that failure to grant credit would mean the time served on the sentence for the first offense would turn on when the second sentence was executed, and thus be subject to manipulation and irrelevant factors such as whether the defendant pleaded guilty or insisted on his right to a trial. 393 N.W.2d at 384.

■ Because the trial court in this case imposed concurrent sentences, denial of jail credit similarly imposes a de facto consecutive sentence on Koski to the extent of the 111 days before he was sentenced.

Although Minn.R.Crim.P. 27.03, subd. 4(B) applies literally to a "sentence," it arguably is inapplicable to jail sentences imposed as conditions of probation. Refusing jail credit for those serving probationary jail time and granting credit to those "sentenced" within the rule, however, would lead to inconsistent and inequitable results. Further, this court has applied the de facto consecutive sentencing rationale even when the sentencing guidelines and presumption against consecutive sentences were not technically applicable. *See Dulski*, 363 N.W.2d at 310.

## DECISION

The trial court erred in denying appellant 111 days of jail credit.

Reversed.