**STATE of Minnesota, Appellant,**

v.

**Mary Caroline DIEDRICH, Respondent.**

**No. C5–87–437.**

Court of Appeals of Minnesota.

Aug. 4, 1987.

Hubert H. Humphrey, III, State Atty. Gen., St. Paul, Richard M. Arney, Washington Co. Atty., Jerome E. Mesenbourg, III, Asst. Co. Atty., Stillwater, for appellant.

Michael R. LaFleur, Corrick & Sondrall, Robbinsdale, for respondent.

Heard, considered, and decided by LESLIE, P.J., and SEDGWICK and LANSING, JJ.

## OPINION

SEDGWICK, Judge.

The State appeals the dismissal of the complaint under Minn.Stat. § 609.50(1) (1986) for lack of probable cause, claiming the dismissal was based on errors of law. Respondent challenges appealability of the pretrial order under Minn.R.Crim.P. 28.04, subd. 1. We reverse.

## FACTS

Early in the morning, State Trooper Swanson observed an automobile speeding and weaving excessively on Interstate 94. Swanson stopped the automobile. He identified the driver as Bruce Alan Wang. Through his observations, Swanson concluded that Wang was obviously under the influence of alcohol. Swanson arrested Wang and placed him in the back seat of the patrol car.

Swanson returned to the vehicle to see if the passenger, Mary Diedrich, was capable of driving the vehicle. Swanson advised Diedrich that Wang was under arrest for DWI. Based on his observations, Swanson concluded that Diedrich was obviously under the influence of alcohol. He asked her to come back to the patrol car and have a seat with Wang. Swanson intended to drop Diedrich off at a public telephone so she could arrange for a ride.

Swanson called a tow truck to have the vehicle impounded. While waiting for the tow truck, Diedrich and Wang pounded on the wire screen dividing the front and back seats of the patrol car and the rear windows. They were yelling and swearing at Swanson.

Neither Diedrich nor Wang could leave the car because there were no rear door handles and the screen was locked into place. Swanson testified that, at that time, Diedrich was not under arrest but was not free to leave.

At Diedrich's request, Swanson retrieved a dress from the automobile. As Swanson opened the back door on Wang's side of the patrol car to hand Diedrich the dress, Wang stuck his leg out the door and started to get out of the car. Swanson ordered Wang to get back in the car and advised him that he was under arrest. Swanson was able to keep Wang in the patrol car but could not shut the door without pinching Wang's leg.

At that time, Diedrich crawled over Wang's shoulders and used her open palm to push Swanson in the face, head and shoulders. After several pushes, Swanson stumbled a few feet back from the patrol car and Wang and Diedrich quickly got out. Swanson caught Wang and struggled to handcuff him. Diedrich ran off to the north.

While wrestling with Wang on the ground, Swanson asked the tow truck driver to radio for help. About a minute later, Deputy Nelson arrived and assisted Swanson in handcuffing Wang and placing him in the patrol car. Swanson was not injured.

Diedrich was arrested about 30–45 minutes later and charged with one count of Gross Misdemeanor Obstructing Legal Process or Arrest, in violation of Minn.Stat. § 609.50(1) (1986).

At the omnibus hearing, Swanson testified to the above facts. Diedrich did not testify. The trial court dismissed the complaint for lack of probable cause based on findings that:

(1) Diedrich's act of pushing with an open palm did not rise to the threshold of force or violence contemplated by the statute;

(2) Diedrich was improperly held in the patrol car;

(3) Diedrich's reactions were precipitated by Swanson's own conduct.

## ISSUES

1. Is this pretrial order appealable under Minn.R.Crim.P. Rule 28.04 subd. 1?

2. Did the trial court err in dismissing the complaint for lack of probable cause based on the following conclusions of law:

a. That several open-palmed pushes of a police officer did not reach the threshold of "force or violence" under Minn.Stat. § 609.50(1)?

b. That unlawful detention is a valid defense to the charge of obstructing legal process or arrest with force or violence?

c. That *State v. Hendrickson* requires dismissal of this charge?

## ANALYSIS

■ 1. Minn.R.Crim.P. 28.04, subd. 1, states:

The prosecuting attorney may appeal as of right to the Court of Appeals:

(1) in any case, from any pretrial order of the trial court except an order dismissing a complaint for lack of probable cause to believe the defendant has committed an offense * * *.

We have interpreted this rule as allowing appeals from pretrial dismissal orders where they "effectively prevented further prosecutions and made reissuing the complaints pointless." *State v. Olson*, 382 N.W.2d 279, 281 (Minn.Ct.App.1986) (quot-

ing *State v. Aarsvold*, 376 N.W.2d 518, 520 (Minn.Ct.App.1985), *pet. for rev. denied* (Minn. Dec. 30, 1985)). The test is whether the State "may reinstate its case by other means." *State v. Shaw*, 264 N.W.2d 397, 398 (Minn.1978).

Here, the dismissal was based on errors of law, and the State is unable to reinstate the complaint by other means. Thus, the pretrial order dismissing the complaint is appealable because the dismissal effectively prevents successful prosecution.

■ 2. In all probable cause motions under Minn.R.Crim.P. 11.03, given the facts disclosed by the record, the judge must decide if it is fair and reasonable to require the defendant to stand trial. *State v. Florence*, 306 Minn. 442, 457, 239 N.W.2d 892, 902 (1976). A standard for granting a Rule 11.03 motion is whether "the facts appearing in the record, including reliable hearsay, would preclude the granting of a motion for a directed verdict of acquittal if proved at trial." *Id.* at 459, 239 N.W.2d at 903.

■ The standard for granting a directed verdict requires "the determination of whether, as a matter of law, the evidence is sufficient to present a fact question for the jury's consideration." *Paradise v. City of Minneapolis*, 297 N.W.2d 152, 155 (Minn. 1980). Here, the State proved that Diedrich's actions interfered with the trooper's efforts to confine Wang in the patrol car. The trial court found that the evidence did not present a fact question of whether Diedrich used force or violence under the statute.

a. Minn.Stat. § 609.50(1986) states:

Whoever intentionally obstructs, hinders or prevents * * * apprehension of another on a charge or conviction of a criminal offense or interferes with a peace officer while the officer is engaged in the performance of official duties for the purpose of deterring or interfering with the performance of those duties, may be sentenced as follows:

(1) If the act was accompanied by force or violence or the threat thereof, to imprisonment for not more than one year or to payment of a fine of not more than $3,000 * * *.

The phrase "force or violence" is not defined by statute. Words and phrases lacking express statutory definition "are construed according * * * to their common and approved usage." Minn.Stat. § 645.-08(1) (1986); *see Otis Lodge, Inc. v. Commissioner of Taxation*, 295 Minn. 80, 206 N.W.2d 3 (1972). In addition, the lack of a statutory definition for these words means that "the words have such a distinct and common usage that they require no further definition." *State v. Engholm*, 290 N.W.2d 780, 785 (Minn.1980).

■ The facts are uncontested. Respondent's pushing interfered with the trooper's efforts to keep Wang in custody in the patrol car. In this context, a reasonable juror could find that pushing a police officer reaches the threshold of force or violence contemplated by the common interpretation of the words "force or violence" in Minn.Stat. § 609.50(1). Thus, as a matter of law, the trial court erred in finding that open-palmed pushes did not meet the threshold of the statute.

■ b. The trial court found that improper detention of the defendant was a defense to the charge. The principles of resisting arrest can be applied to the situation of resisting an improper detention. Generally, there is no right to resist an unlawful arrest. *State v. Jensen*, 373 N.W.2d 364, 366 (Minn.Ct.App.1985). In *State v. Wick*, 331 N.W.2d 769 (Minn.1983), the defendant fought with the officer who was trying to arrest him and was convicted of using force or the threat of force in interfering with a police officer in the performance of his official duties. The court held:

> [W]hile a defendant would have a right to resist an officer in order to defend himself or another against unjustified bodily attack, assaultive conduct is not justifiable solely on the ground that the officers are violating the defendant's fourth amendment rights or on the ground that the defendant believes that the officers are violating his rights.

331 N.W.2d at 771.

Therefore, whether the trooper was lawfully taking Diedrich into custody by plac-

ing her in the patrol car or not is not a defense to the charge of obstructing legal process.

c. The trial court found that the trooper's confusing actions precipitated Diedrich's actions. The trial court relied on *State v. Hendrickson*, 395 N.W.2d 458 (Minn.Ct.App.1986), in dismissing the complaint.

The facts in *Hendrickson* are significantly different. First, Hendrickson snatched papers from the officer and was uncooperative while she was booked for a DWI arrest. Hendrickson was not charged with using force or violence as Diedrich is here. Second, the *Hendrickson* charge was dismissed in the furtherance of justice under Minn.Stat. § 631.21, not for lack of probable cause. Third, in *Hendrickson*, the dismissal order did not effectively prevent further prosecution by making reissuance of the complaint pointless. The trial court erred in relying on *Hendrickson* to dismiss the complaint for lack of probable cause.

Respondent is awarded $2,000 in attorneys fees and costs incurred in this appeal pursuant to Minn.R.Crim.P. 28.04, subd. 2(6).

## DECISION

The pretrial order dismissing the gross misdemeanor complaint for lack of probable cause is appealable because the dismissal was based on errors of law as a result of which further prosecution is effectively blocked. The trial court erred in finding a lack of force or violence under Minn.Stat. § 609.50(1) and in permitting respondent to raise unlawful detention as a defense to the charge. Attorney's fees and costs are awarded to ·respondent in the amount of $2,000 pursuant to Minn.R.Crim.P. 28.04, subd. 2(6).

Reversed.