**STATE of Minnesota, Respondent,**

v.

**Kevin Lee BRANT, Appellant.**

**No. C6–88–1171.**

Court of Appeals of Minnesota.

Feb. 28, 1989.

Hubert H. Humphrey, III, Atty. Gen., Paul R. Kempainen, Asst. Atty. Gen., St. Paul, William H. Dolan, Meeker County Atty., Litchfield, for respondent.

C. Paul Jones, State Public Defender, Marie L. Wolf, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by WOZNIAK, C.J., and FOLEY and FORSBERG, JJ., without oral argument.

## OPINION

FOLEY, Judge.

This is an appeal from a burglary conviction. The trial court allowed appellant Kevin Lee Brant's confession to be entered into evidence and refused to grant additional jail credit. We affirm as modified.

## FACTS

Brant was convicted on March 9, 1988 of burglary in the second and third degree following a jury trial in Meeker County.

On September 13, 1986, an engineer on a freight train proceeding through Grove City noticed two men apparently attempting to pry open the door to a liquor store. The police were alerted, along with other train employees. By the time the remainder of the train passed by the store, no one remained outside. Also, when the police arrived at the scene, the perpetrators could not be found. One officer noticed gouge marks on the door. The store's manager, upon conducting an inventory, concluded 19 bottles of liquor were missing.

Appellant was arrested about two weeks later in another county for a series of burglaries occurring there in the same month. After two previous conferences, appellant requested to speak to a police investigator. Appellant proposed a plea agreement which was initially rejected. A similar proposal was later approved by the trial court: appellant would plead guilty to two counts of burglary in Kandiyohi County (this conviction was affirmed by this court in *State v. Brant*, 407 N.W.2d 696 (Minn.Ct.App.1987)) and discuss other burglaries; in return, he would be entitled to a substantially reduced bail.

Officer Kujawa tape-recorded appellant's interview, at which appellant's court-appointed counsel was present. The recording was later reduced to a transcript, which appellant did not sign. He also did not receive a copy until much later, when it was requested by a subsequent attorney during discovery. The tape was inadvertently destroyed, and Kujawa had not previously compared the transcript with the tape. Appellant did not request the tape or a copy until one week before trial (16 months after the statement was given).

At the omnibus hearing, the trial court denied defense counsel's motion to suppress the transcript because appellant was not provided with a copy. Defense counsel renewed his objection at trial, which was overruled.

Appellant did not testify at trial. His brother testified that appellant had previously confessed to a burglary that the brother committed.

## ISSUES

1. Was appellant's confession sufficiently corroborated so that the evidence was sufficient to support the convictions?

2. Did the trial court and omnibus court err in admitting the confession transcript?

3. Is appellant entitled to additional jail credit?

## ANALYSIS

1. Appellant alleges that his confession was not sufficiently corroborated within the meaning of Minn.Stat. § 634.03 (1986), which provides in relevant part:

**CONFESSION, INADMISSIBLE WHEN.**

A confession of the defendant shall not be sufficient to warrant conviction without evidence that the offense charged has been committed * * *.

 Such evidence is described as independent proof of the *"corpus delicti."* *Matter of Welfare of M.D.S.*, 345 N.W.2d 723, 735 (Minn.1984). The statute has a dual function. "It discourages coercively acquired confessions and makes the admission reliable." *Id.* (citing *State v. Azzone*, 271 Minn. 166, 135 N.W.2d 488 (1965)).

Each element of an offense need not be independently corroborated to meet the statute's standard. *M.D.S.*, 345 N.W.2d at 735. Instead, the elements should be " 'sufficiently substantiated by independent evidence of attending facts or circumstances from which the jury may infer the trustworthiness of the confession.' " *Id.* (quoting *Smoot v. United States*, 312 F.2d 881, 885 (D.C.Cir.1962)). The practical relation between the confession and the government's case, rather than the theoretical relation to the definition of the offense, is the crucial test. *Smith v. United States*, 348 U.S. 147, 155, 75 S.Ct. 194, 199, 99 L.Ed. 192 (1954).

■ In our opinion, the confession is sufficiently corroborated. Appellant described a police officer's vehicle heading to the scene at the appropriate time and seeing a train pass while trying to open the door to the liquor store. The gouge marks on the door and the crowbar found in appellant's car are consistent with appellant's statement that he used the crowbar to gain entry. The store's manager testified that bottles were missing, a fact indicative of burglary. Finally, the investigative officer found the front and back doors of the store open upon his arrival.

Appellant asserts the evidence is insufficient due to (1) the lack of an eyewitness; (2) the possibility of employee theft at the liquor store; and (3) the lack of a positive identification by the train engineer or an identification of the seized crowbar. However, we find the elements of the crime sufficiently substantiated. *M.D.S.*, 345 N.W.2d at 735.

■ 2. Appellant next maintains that both the omnibus and trial courts erred in admitting the transcript of his confession because he had not been provided with a copy as required by Minn.Stat. § 611.033 (1986). A finding of the trial court as to the admissibility of a confession will not be reversed on appeal unless it is found to be clearly erroneous, but we can conduct an independent assessment of the voluntariness of the confession based on our review of the record. *State v. Hoffman*, 328 N.W. 2d 709, 714 (Minn.1982) (citing *State v.*

*Hardimon*, 310 N.W.2d 564, 567 (Minn. 1981)).

Minn.Stat. § 611.033 provides:

A statement, confession, or admission in writing shall not be received in evidence in any criminal proceeding against any defendant unless within a reasonable time of the taking thereof the defendant is furnished with a copy thereof and which statement, confession, or admission shall have endorsed thereon or attached thereto the receipt of the accused or certification of a peace officer which shall state that a copy thereof has been received by or made available to the accused. Nothing in this section requires that a videotape, audiotape, or transcript of a tape be given to the defendant at the time the statement, confession, or admission is made or within a reasonable time thereafter, provided that the videotape or audiotape is available to the defendant or the defendant's attorney for review within a reasonable time of the defendant's arrest, as well as in discovery pursuant to the rules of criminal procedure.

The trial court found that the transcript was given to appellant upon request and therefore declined to suppress the statement. It is undisputed that appellant did not receive a copy immediately. Also, the record is devoid of evidence showing a peace officer certification.

■ If statutory criteria are not met, the evidence is not admissible, and therefore the trial court clearly erred in admitting the transcript. *State v. Diersen*, 356 N.W. 2d 710 (Minn.Ct.App.1984). However, appellant makes no cognizable claim that his constitutional rights have been violated. The record contains ample evidence that appellant was informed of and understood his *Miranda* rights. His attorney was present during interrogation. In addition, appellant does not point to any inaccuracies or falsities in the confession transcript. Due to the lack of a constitutional violation, we find that appellant was not prejudiced by the delay in receipt of the transcript or the lack of a police certification. Therefore, we find that the error was harmless beyond a reasonable doubt.

Appellant also requests reversal due to the unavailability of the tape and possible incorrect transcription. The trial court found that appellant had ample opportunity to request the tape before it was inadvertently destroyed, and therefore the prosecution made the tape available within the meaning of the statute. This finding is not clearly erroneous.

3. Appellant maintains that he is entitled to additional jail credit pursuant to Minn.R.Crim.P. 27.03, subd. 4(B), which allows jail credit for "all time spent in custody in connection with the offense * * * for which sentence is imposed." Appellant alleges that the trial court erred in giving him credit from July 18, 1987, the date a hold order was filed by Meeker County, rather than October 20, 1986, the date the complaint was filed. Awards of jail credit are governed by principles of fairness and equity and are determined on a case-by-case basis. *See State v. Dulski*, 363 N.W. 2d 307 (Minn.1985); *see also State v. Blegen*, 387 N.W.2d 459 (Minn.Ct.App.1986), *pet. for rev. denied* (Minn. July 31, 1986).

This court previously rendered an opinion in a case remarkably similar to appellant's. *See State v. Zaycheck*, 386 N.W.2d 294 (Minn.Ct.App.1986). The court stated:

> To a great extent the State had control over the length of time that would elapse between charging and sentencing * * *. Under the circumstances here, it is unfair to deny jail credit to Zaycheck. To do so would be to impose a de facto consecutive sentence upon him to the extent that there was any delay in the proceedings on the theft charge.

*Id.* at 296; *see also State v. C.J.M.*, 409 N.W.2d 857, 861 (Minn.Ct.App.1987), *pet. for rev. denied* (Minn. Sept. 18, 1987). A trial court, contrary to the state's contention, may properly give credit for time spent in jail before a "hold" order is filed. *Dulski*, 363 N.W.2d at 309. The state's other arguments are likewise uncontrolling. *See State v. Klindt*, 400 N.W.2d 127, 130 (Minn.Ct.App.1987) (the defendant was not *charged* with an offense until her release from prison; however, the courts rec-

ognize with approval the factors which a prosecutor may consider in determining whether and when to prosecute).

The trial court did not articulate any factors that would justify a departure. Under the circumstances here, it is unfair to deny jail credit to appellant.

## DECISION

Appellant's confession was sufficiently corroborated within the meaning of Minn. Stat. § 634.03. The trial court erred in admitting appellant's statement in violation of Minn.Stat. § 611.033, but such error was harmless beyond a reasonable doubt. Finally, appellant is granted additional jail credit for the time spent in custody from the date he was charged until the date a hold order was filed.

AFFIRMED AS MODIFIED.