**STATE of Minnesota, Appellant,**

v.

**Lonnie Dale STEVENS, Respondent.**

**No. C5–90–996.**

Court of Appeals of Minnesota.

Aug. 21, 1990.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Timothy R. Faver, Beltrami County Atty., Bemidji, for appellant.

John M. Stuart, State Public Defender, Susan K. Maki, Asst. State Public Defender, Minneapolis, for respondent.

Considered and decided by SCHUMACHER, P.J., HUSPENI and SHORT, JJ.

*part,* 428 N.W.2d 795 (Minn.1988) (also involv-    ing a brain damage claim).

## OPINION

SCHUMACHER, Judge.

This appeal is from a pretrial order dismissing a prosecution for theft by check, Minn.Stat. § 609.52, subd. 2(3)(a) (1988). We affirm.

## FACTS

Respondent Lonnie Stevens was charged with theft by check for presenting checks, later returned nonsufficient funds (NSF) or account closed, at the Hard Times Saloon for the purchase of pull tabs. Stevens allegedly presented a number of checks over a 40–day period, totalling $465. The trial court found that the saloon, because the checks were for pull tabs, kept them separate from other funds, and acted as an agent for a local youth hockey association in collecting the funds.

Stevens brought a motion to dismiss, based on Minn.Stat. § 541.21 (1988), which makes bills and notes exchanged for gambling debts void. The trial court granted the motion, and the state appeals.

## ISSUES

Did the trial court err in construing Minn.Stat. § 541.21 to bar this prosecution for theft by check?

## ANALYSIS

The trial court's conclusions of law do not bind an appellate court. *A.J. Chromy Construction Co. v. Commercial Mechanical Services, Inc.*, 260 N.W.2d 579, 582 (Minn.1977). This court has not applied a clearly erroneous standard in reviewing pre-trial orders based on statutory interpretation. *State v. Diedrich*, 410 N.W.2d 20, 22–3 (Minn.App.1987).

Minn.Stat. § 541.21 (Supp.1989) provides:

**541.21. Commitments for gambling debt void**

Every note, bill, bond, mortgage, or other security or conveyance in which the whole or any part of the consideration shall be for any money or goods won by gambling * * * or for reimbursing or repaying any money knowingly lent or advanced at the time and place of such

gambling or betting, or lent and advanced for any gambling or betting to any persons so gambling or betting, shall be void and of no effect as between the parties to the same, and as to all persons except such as hold or claim under them in good faith, without notice of the illegality of the consideration of such contract or conveyance. The provisions of this section shall not apply to pari-mutuel wagering conducted under a license issued pursuant to chapters 240 and 349 or purchase of tickets in the state lottery under chapter 349A.

The trial court found that this statute applied to the checks presented by Stevens, and dismissed the charges.

A check is a bill of exchange, drawn on a bank and payable on demand. Minn.Stat. § 336.3–104(2)(a), (b) (1988). Thus, a check is included within the term "bill" as used in the statute. *See Gilbert v. Berkheiser*, 157 Minn. 491, 492, 196 N.W. 653 (1924); *Drew v. Wheelihan*, 75 Minn. 68, 70–71, 77 N.W. 558, 559 (1898). The playing of pull tabs is referred to throughout chapter 349 as "gambling." *See, e.g.* Minn.Stat. § 349.12, subd. 15 (1988) (pull tabs within definition of "gambling equipment"). We agree with the trial court that the statute applies to Stevens' checks.

Minn.Stat. § 541.21 includes specified exceptions for forms of gambling recently legalized. However, unlike its companion statute, Minn.Stat. § 541.20, concerning the recovery of gambling losses, it includes no exception for gambling legalized under chapter 349, other than pari-mutuel wagering. The exceptions provided in Minn.Stat. § 541.21 implicitly exclude all others. Minn.Stat. § 645.19 (1988). This court cannot supply an exception which the legislature has purposely omitted or inadvertently overlooked. *State v. Corbin*, 343 N.W.2d 874, 876 (Minn.App.1984).

Minn.Stat. § 541.21 makes a gambling check void as between the parties to the instrument, but not absolutely void as to all parties. Therefore, a criminal prosecution would not be barred if the victim were a holder in due course who had no notice of

the illegality of the obligation. *See* Minn. Stat. § 541.21. Nor do we view Minn.Stat. § 541.21 as *in pari materia* with the theft-by-check statute so as to create an absolute bar. *Cf. Foley v. Whelan,* 219 Minn. 209, 211, 17 N.W.2d 367, 369 (1945) (all statutes relating to gambling are to be construed together).

Because Stevens' checks were void as to the saloon and the youth hockey association, a designated recipient of pull tab proceeds, it was legally impossible for Stevens to defraud them. Legal impossibility is a defense to the substantive crime with which Stevens was charged. *Cf.* Minn. Stat. § 609.17, subd. 2 (1988); *State v. Bird,* 285 N.W.2d 481, 483 (Minn.1979) (legal impossibility is not a defense to a prosecution for attempt).

## DECISION

The trial court did not err in dismissing the prosecution.

Affirmed.